BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALIE BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>Defendants. | Case No. 1:18-cr-00258-EJL<br><br>**GOVERNMENT'S<br>MOTION FOR PROTECTIVE<br>ORDER** |

The United States of America, by and through, Bart M. Davis, United States Attorney for the District of Idaho, and the undersigned Assistant United States

GOVERNMENT'S MOTION FOR
PROTECTIVE ORDER—1

Attorney for the District of Idaho, hereby seeks an order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, for a protective order regarding the disclosure of unredacted discovery in this case.

This Court has discretionary authority to enter protective orders regarding discovery pursuant to Rule 16, which states, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).  Accordingly, a "trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *See Alderman v. United States*, 394 U.S. 165, 185 (1969).  The movant bears the burden of establishing "good cause" for the requested protective order.  *See United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015).

Presently, the government requests that the discovery be protected for the following reasons:

1. Counsel for the defendants will need an unredacted copy of the discovery in this case to aid their investigation and their defense of this case; all defendants are charged with sophisticated intellectual-property violations and money-laundering violations involving the movement of funds among hundreds of bank accounts.

2. The discovery in this case is voluminous.  Currently, the discovery includes over 300,000 pages; additionally, the United

GOVERNMENT'S MOTION FOR
PROTECTIVE ORDER—2

        States anticipates the production of a least one Terabyte of discovery, based on the execution of the search warrants on August 22, 2018.

3. Currently, the discovery includes sensitive documents such as personal financial information on numerous individuals, including unindicted co-conspirators and victims in this case; reports of confidential sources; audio/video recordings of controlled buys; sensitive bank records of the defendants and unindicted coconspirators, which contain personal identifiers, such as addresses, that are critical to identify the accountholder; victim-purchasers' e-mails; trademark holder reports regarding identification of counterfeit material; and U.S. Customs and Border Protection ("CBP") reports on customs seizures.

4. The government recognizes its duty to provide discovery to the defense in a timely manner. The government wishes to accommodate the needs of defense counsel, while simultaneously meeting its obligation to protect the personal information and privacy of the third parties and victims. The government believes that both objectives may be met by a protective order restricting dissemination of the unredacted discovery to defense counsel, investigators, and those necessary to the defense.

GOVERNMENT'S MOTION FOR
PROTECTIVE ORDER—3

The government, therefore, requests a protective order including in substance the following:

1. The government may produce unredacted material in discovery to the defense, including personal identifying information of the defendants and other individuals. These records contain, among other information, home addresses, bank account data, and dates of birth. All materials that the government produces to the defense are solely for the use of the defendant, their respective attorney, or other individual or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others.

2. Defendants and their attorneys, and all other individuals or entities who receive materials in this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of these materials to anyone not working on the defense of this criminal case, or from otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses, and the defendant.

3. Defendants, their attorneys, and all other individuals or entities who receive materials in this case shall maintain all materials received from the government in a manner consistent with the terms of this protective order.  Materials produced to the defense shall be stored in a secure manner by defense counsel in boxes, files or folders marked "UNDER PROTECTIVE ORDER—DO NOT DISCLOSE."  Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

4. Defendants and their attorneys are required to give a copy of this protective order to all individuals or entities engaged or consulted by defense counsel in preparation of trial in this case.  A knowing and willful violation of this protective order by any defendant, their attorneys, or others may result in contempt of court proceeding or other civil or criminal sanctions.

5. Within two years of the conclusion of this case, including all related appeals, all documents produced pursuant to this protective order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office.  Alternatively, the defendants' attorneys may inform the United States Attorney's Office in writing that all such copies have been destroyed.

GOVERNMENT'S MOTION FOR
PROTECTIVE ORDER—5

6. The provisions of this order governing disclosure and use of the documents shall not terminate at the conclusion of this criminal prosecution.

## CONCLUSION

Based on the above, the Government respectfully requests that the Court grant the requested motion.

Respectfully submitted this 31st day of August, 2018.

BART M. DAVIS
UNITED STATES ATTORNEY
By:


 */s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2018, the foregoing GOVERNMENT'S MOTION FOR PROTECTIVE ORDER was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:

| |
|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>*Attorney for Pavel Babichenko* |
| DARTANYON BURROWS<br>P.O. Box 1003<br>Payette, ID 83661<br>dburrows@kmrs.net<br>*Attorney for Gennady Babitchenko* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>*Attorney for Piotr Babichenko* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* |
| GREG S. SILVEY<br>P.O. Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com<br>*Attorney for Kristina Babichenko* |

| |
|---|
| J.D. MERRIS<br>913 W. River Street, Ste. 420<br>Boise, ID 83702<br>jmerris@earthlink.net<br>*Attorney for Natalya Babichenko* |
| ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>*Attorney for David Bibikov* |
| S. RICHARD RUBIN<br>702 W. Idaho Street, Ste. 1000<br>Boise, ID 83702<br>dick_rubin@fd.org<br>*Attorney for Anna Iyerusalimets* |
| ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>*Attorney for Mikhail Iyerusalimets* |
| JEFFREY MCKINNIE<br>1211 W. Myrtle St., Ste. 350<br>Boise, ID 83702<br>jeffmckinnie@hotmail.com<br>*Attorney for Artur Pupko* |

      /s/ Kate Curtis
      Legal Assistant