Ellen Smith, ISB. 5992
**SMITH HORRAS, P.A.**
5561 N. Glenwood St. Suite B
Boise, ID  83714
Telephone:  (208) 697-5555
Facsimile:   (800) 881-6219
ellen@smithhorras.com

Attorneys for Defendant,
MIKHAIL IYERUSALIMETS

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>     **Plaintiff**<br> **vs**<br><br>**MIKHAIL IYERUSALIMETS, et. al,**<br><br>  **Defendant.** | **Case No.: CR18-258-S-EJL**<br><br>**DEFENDANT MIKHAIL IYERUSALIMETS' JOINT MOTION TO EXCLUDE EXPERT TESTIMONY** |

The defendant, Mikhail Iyerusalimets, by and through his attorney of record, Ellen Smith, moves to exclude the government's expert witnesses related to Customs and Border Protection ("CBP") including Alan Aprea, Eugene Matho and Brian Giese.[1]

This based upon the following Memorandum of Points and Authorities and the pleadings and papers on file herein.

## MEMORANDUM OF POINTS OF AUTHORITIES

### I.      BACKGROUND

The Government filed its Notice of Intent to Introduce Expert Testimony Regarding Customs and Border Protection ("Notice") on January 2, 2020.  See Docket No. 340.  Included in said Notice was the Government's disclosure that it intended to call Customs and Border Protection ("CBP") witnesses including Mr. Alan Aprea, Mr. Eugene Matho and Mr. Brian

---

[1] This joint motion is on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalie Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets.

Giese.  Id.  There was very little disclosed related to these witnesses in said Notice.  In addition, the government provided no additional information or documentation by the recent Expert Disclosure deadline of October 1, 2020.

## II.   LEGAL STANDARD

Under Rule 16, "the government must give to the defendant a written summary of any expert testimony that the government intends to use . . . during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G).  "The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id.  "The Rule requires a summary of the expected testimony, not a list of topics." *United States v. Duvall,* 272 F.3d 825, 828 (7th Cir. 2001).  In addition, the Advisory Committee notes explain that this rule is "intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory committee's notes.

## III.   ARGUMENT

### A.   The content of the government's expert notices is insufficient.

With the government's expert disclosure related to the aforementioned CBP witnesses, the government attached each of their Curriculum Vitaes.  In addition, there was a limited list of virtually identical topics that Mr. Aprea and Mr. Matho, Jr. may or may not address at trial including:

--How CBP identifies shipments of counterfeit electronic products at its port of entries, when such contraband is seized, and why such contraband is seized.

--About his participation in the Enforcement Division including strategies to prevent smuggling of counterfeit goods.

--Provide a general explanation about when and why goods are detained; notices to importers, rights holders and brokers; the inventory, appraisal and seizure of the goods; and, transference and storage of seized property.

Similarly, Mr. Geise's expert disclosure contained a very short list of topics that he may testify about including explaining:

--The general process of a Fine, Penalties, and Forfeiture ("FPF") dispute

--The outcome of FPF disputes, and

--The final disposition of infringing property.

What is absent, however, is any description regarding the opinions Mr. Aprea, Mr. Matho, Jr. and/or Mr. Geise are actually expected to give. Further, the government's Notice also does not provide the basis or the reasons for any opinions. Therefore, according to Rule 16(a)(1)(G), the government's Notice does not comply with the appropriate standard. *See Duvall*, 272 F.3d at 828 (finding the government violated Rule 16(a)(1)(G) where its notice "provided a list of the general subject matters to be covered, but did not identify what opinion the expert would offer on those subjects").

Unfortunately, yet consistent with the government's "strategy" in this case thus far, the government is again attempting to force the defendants to try to "guess" what the government will be presenting in its case in chief. Instead of being up front and transparent, the government is instead utilizing the method of "hiding the ball" which is inconsistent with a fair and just trial. Without knowing the actual substance and opinions related to each of these experts' testimony, it is virtually impossible for each defendant to be prepared to address the issues that may arise in trial.

Accordingly, the government should not be allowed to call these CBP witnesses to testify as expert witnesses because it has failed to give proper notice of their testimony. Counsel waited to file this motion until after the second expert disclosure deadline as it was anticipated that the government would supplement its expert notice. However, no reports or additional documents related to these witnesses were disclosed to supplement its insufficient notice.

**C. The named CBP witnesses' testimony is not admissible under the rules of evidence and/or a *Daubert* hearing is necessary.**

Expert testimony is controlled by Federal Rules of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)    the testimony is based on sufficient facts or data;

(c)     the testimony is the product of reliable principles and methods; and

(d)     the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (explaining factors in determining an expert's admissibility); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) (expanding Daubert to non-scientific expert testimony).

When a party proposes expert testimony, the district court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *United States v. Freeman*, 498 F.3d 893, 901 (9th Cir. 2007). Because expert testimony is "likely to carry special weight with the jury . . . care must be taken to assure that a proffered witness truly qualifies as an expert." *Jinro America Inc. v. Secure Investments, Inc*., 266 F.3d 993, 1004 (9th Cir. 2001). In addition, expert testimony "should not invade[ ] the province of the jury*." United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993) (internal quotation marks omitted). Expert testimony on areas within the average juror's common understanding must not be admitted. *Id*.

As explained, the government's notice does not give even conclusory summaries of the above mentioned CBP witnesses' opinions, let alone the factual basis for any of these opinions. The government thus has not shown such "expert" opinions are based on sufficient facts or data, the product of reliable principles and methods, or that they have reliably applied the principles and methods to the facts of the case. Furthermore, the listed CBP witnesses' opinions will not assist the jury. The jury will not need expert testimony to understand the topics the government wishes to address with these witnesses.

Finally, as discussed below, any probative value of said testimony, (specifically that of Mr. Aprea and Mr. Matho, Jr.), is substantially outweighed by risk of unfair prejudice, confusion of issues, and especially undue consumption of time.

## C.     Mr. Aprea's and Mr. Matho, Jr.'s Testimony is Duplicative and Redundant According to the Government's Disclosure.

The Court must exclude expert testimony whose probative value is substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); FRE 403.

As set forth above, the government's vague descriptions of each of these alleged "expert's" testimony as listed in the Notice are nearly identical.  Even if it is determined that the subject matter set forth in the government's Notices for Mr. Aprea's and Mr. Matho, Jr.'s Testimony is determined to be sufficient, the Court should, at the very least, restrict the government and permit it to present testimony from only one of these redundant witnesses at trial.

Thus far, the government has been overly broad in its draft witness disclosures--listing 180+ witnesses that they intend to call in their case in chief.  Not only has that number of witnesses been overwhelming, unnecessary and nearly unmanageable, it appears, (as in the case of listing Mr. Aprea and Mr. Matho, Jr.), to contain repetitive, redundant and duplicative testimony.  Further, although the government has indicated it will take "three weeks" to present its case in chief, with this many witnesses and tens of thousands of pages of exhibits, the estimation simply does not make sense.

Mr. Aprea's and Mr. Matho, Jr.'s testimony sets forth a perfect example of duplicative evidence that will simply be duplicative, redundant and waste time as prohibited by FRE 403. In its Notice, the government has not reasonably distinguished Mr. Aprea's and Mr. Matho, Jr.'s testimony or provide any reason why such similar testimony is needed from two (2) separate witnesses.  As the government has not seen fit to provide more information, at the very least, the government should be precluded from calling both these witnesses at the trial of this matter for the same purpose.

### D.   The government should be prohibited from calling Mr. Brian Geise as both an expert and lay witness.

A jury views an expert with an "aura of special reliability and trustworthiness." *United States v. Amaral*, 488 F.2d 1148, 1152 (9th Cir. 1973). Allowing a government witness to testify as both an expert and lay witness therefore presents many dangers to the defendant's constitutional rights to a fair trial. *Freeman*, 498 F.3d at 902.

First, "by qualifying as an expert, the witness attains unmerited credibility when testifying about factual matters from first-hand knowledge." *Freeman*, 498 F.3d at 903 (internal quotation marks omitted). "Second, it is possible that expert testimony by a fact witness or case agent can inhibit cross-examination . . . [because a] failed effort to impeach the witness as expert

may effectively enhance his credibility as a fact witness." *Id.* (internal quotation marks omitted). "Third, when the prosecution uses a case agent as an expert, there is an increased danger that the expert testimony will stray from applying reliable methodology and convey to the jury the witness's sweeping conclusions about appellants' activities, deviating from the strictures of Rules 403 and 702." *Id.* (internal quotation marks omitted). "Fourth, a case agent testifying as an expert may lead to juror confusion because [s]ome jurors will find it difficult to discern whether the witness is relying properly on his general experience and reliable methodology, or improperly on what he has learned of the case." *Id.* (internal quotation marks omitted). "Finally, when a case agent/expert strays from the scope of his expertise, he may impermissibly rely upon and convey hearsay evidence [and in] doing so, the witness may also run afoul of the Sixth Amendment Confrontation Clause." *Id.* (internal quotation marks omitted).

When the government seeks to have a witness testify in both an expert and lay witness capacity there inherently exists serious concerns with whether the expert can testify without blurring the two roles. *Freeman*, 498 F.3d at 903. Furthermore, even if the expert could keep his testimony separated between the two roles, the Court must determine whether the risk of prejudice is nevertheless too high to warrant admission under Federal Rule of Evidence 403. *See United States v. Foster*, 939 F.2d 445, 452 (7th Cir. 1991) (noting the risk for "undue prejudice" when a government witness testifies as an expert and a lay witness).

In this case, Mr. Giese was directly involved on a factual level as he participated in a CBP seizure of one of the defendant's packages as disclosed in discovery.  Again, due to the lack of information in the government's Notice, it is not really clear what the government intends to elicit from Mr. Giese in his proposed testimony.  However, as a fact witness, Mr. Giese should not be permitted to also testify as an "expert" to protect the defendants' right to a fair trial.  The confusion to the jury is a very real concern because Mr. Giese is qualified as an "expert," the jury is likely to improperly put more emphasis on his factual testimony.

### IV.    Conclusion

For the reasons given, Mr. Mikhail Iyerusalimets respectfully requests this Court exclude Mr. Aprea's, Mr. Matho, Jr.'s and Mr. Giese's testimony from trial. Alternatively, if the Court is inclined to allow any of these experts to testify, Mr. Iyerusalimets requests the Court hold a

hearing outside the presence of the jury to address the substance of these witnesses' testimony to assess their qualifications and the reliability of each of their opinions under *Daubert*.

DATED this 15th day of October, 2020.

Respectfully Submitted,
SMITH HORRAS, P.A.
Ellen N. Smith


By_/s/ Ellen Smith_____
Ellen N. Smith
Attorney for Defendant
MIKHAIL IYERUSALIMETS

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Assistant United States Attorney
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov

Christian S. Nafzger
Assistant United States Attorney
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

Barry L. Flegenheimer
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
barrylfp@gmail.com

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com
*Attorney for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com
*Attorney for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

S. Richard Rubin
Melissa Winberg
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
dick_rubin@fd.org
melissa_winberg@fd.org
*Attorneys for Anna Iyerusalimets*

Jeffrey Brownson
223 North 6th Street, Suite 215
Boise, Idaho 83702
jb@jeffreybrownsonlaw.com
*Attorney for Gennady Babitchenko*

Thomas B. Dominick
500 W. Bannock Street
Boise, Idaho 83702
tom@dominicklawoffices.com
*Attorney for Artur Pupko*

/s/ Ellen Smith _____