Barry L. Flegenheimer
Washington State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
(206) 621-8777
(206) 621-1256 (fax)
barrylfp@gmail.com

John DeFranco
Idaho State Bar No. 4953
Ellsworth, Kallas & DeFranco
1031 E. Park Blvd.
Boise, ID 83712
(208) 336-1843
(208) 345-8945 (fax)
jcd@greyhawklaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>    Defendants. | CASE NO. CR-18-00258-BLW<br><br>DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE GOVERNMENT'S FINANCIAL EXPERT, LINDA CZEMERYS, FROM PRESENTING EVIDENCE REGARDING (1) ROBERT EISENBERG'S CRIMINAL CHARGE AND CONVICTION, AND (2) THE DEFENDANTS' MOTIVE OR MENTAL STATE |

1 •   DEFENDANTS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S FINANCIAL EXPERT, LINDA CZEMERYS, FROM TESTIFYING REGARDING (1) ROBERT EISENBERG'S CRIMINAL CHARGE AND CONVICTION, AND (2) THE DEFENDANTS' MOTIVE OR MENTAL STATE

## I. INTRODUCTION

The Defendants[1] move in limine to exclude from the testimony of the Government's financial expert, Linda Czemerys, evidence regarding: (1) the arrest, charge, conviction and offense circumstances of Robert Eisenberg, his entities, or people allegedly associated with him; and, (2) the defendants' motive or mental state.

The Government provided notice that it intends to call forensic accounting expert Linda Czemerys to testify at trial. Dkt. 342 (Notice); Dkt. 763 (Supp. Notice). The Government intends to offer Ms. Czemerys' testimony on various topics related to Defendants' financial records. This motion concerns two areas of that testimony.

First, the Government intends to introduce evidence through Linda Czemerys of the Defendants' guilt by association. Specifically, it intends to do this by presenting evidence that: (1) in 2010 and 2011, Pavel Babichenko conducted business with Robert Eisenberg or his companies; and, (2) in 2013, Robert Eisenberg entered a corporate guilty plea to Trademark Counterfeiting in a New York state court. Admission of Robert Eisenberg's corporate guilty plea and the facts underlying his charges are factually and legally irrelevant and unfairly prejudicial. Pursuant to Fed. R. Evid. 401-404, this evidence is inadmissible and should be excluded.

Second, contrary to Fed. R. Evid. 702 and 704(b), the Government may seek to have Ms.

---

[1] This motion is filed on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalya Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

2 • DEFENDANTS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S FINANCIAL EXPERT, LINDA CZEMERYS, FROM TESTIFYING REGARDING (1) ROBERT EISENBERG'S CRIMINAL CHARGE AND CONVICTION, AND (2) THE DEFENDANTS' MOTIVE OR MENTAL STATE

Czemerys improperly testify to the Defendants' motive and mental state. One way the Government may seek to improperly admit this evidence is to have Ms. Czemerys opine that a transaction, or series of transactions, are "illegal" or constitutes "money laundering." Another way the Government may do this is by having Ms. Czemerys testify about financial transactions using loaded buzz words stating the Defendants' intended to "conceal," "disguise," "funnel," "siphon," "obfuscate," or "obscure" the source of funds through a transaction or a series of transactions.

## II.   FACTUAL BACKGROUND

### A.   Robert Eisenberg and his Related Entities.

Robert Brandon Eisenberg was associated with multiple businesses in New York State. These included RBE Enterprises, Billfish USA, and Cellular Wholesale USA Inc. A June 20, 2012 news release announced Robert Eisenberg and two other men of likely Chinese descent were arrested for their involvement with counterfeit cell phone and parts trafficking. Robert Eisenberg was reportedly doing business with the Chinese men who were associated with the AMAX Group International. The AMAX Group reportedly had ties to a cell phone factory in China.

The investigation began in January 2012, with seizures at JFK International Airport in New York City. The items seized were described as counterfeit cell phones and phone parts. Seized items were sent to the manufacturers who complained there were numerous inconsistencies in the phone's designs and inferior technology and parts used in construction. Shipments in March 2012 were tracked to local warehouses. Search warrants followed. In June

2012, a warehouse belonging to Robert Eisenberg was searched as well as another connected to the two men from AMAX.

In March, 2013, Mr. Eisenberg or his corporation pleaded guilty to state court charges of trademark counterfeiting. He was reported to have forfeited close to thirty-seven (37) million dollars as part of a plea agreement. The exact allegation of the case and disposition are uncertain as the Government has not produced the plea statement or the judgment.

More than a year prior to Robert Eisenberg's arrest, in 2010 and 2011, there were banking transactions between Midway LLC, and Midstar Distributing LLC, two companies associated with Paul Babichenko, China and Hong Kong concerns, and Robert Eisenberg's companies, Cellular Wholesale USA and/or Billfish USA.

Unrelated, in 2017 and 2018, there were banking transactions between Midstar Distributing, LLC and Open Line Mobility Ltd. A HSI report regarding Linda Czemerys' "discovery of a financial pattern of activity," reported that an "open internet search" showed that the owner of Open Line Mobility was Maurice Tebele and Tebele was the neighbor of Mitchell Eisenberg, who is "believed to be the father of Robert Eisenberg." HSI-019239.

  **B.**  **Linda Czemerys' Testimony Regarding the Defendants' Motive or Intent.**

The Government intends to offer Ms. Czemerys' testimony about the Defendants' motives, intent, or mental state when they engaged in a financial transaction or series of transactions. As the Government describes it, a significant portion of Ms. Czemerys' anticipated testimony will involve her opinion that many of the Defendants' financial transactions "serve no legitimate business interest and evidence concealment[,]" and are evidence of "concealing or

disguising the source of the proceeds being transferred." Dkt. 763, p. 11.  Ms. Czemerys will "testify that 'funneling' of criminal proceeds through various shell corporations is a hallmark of money laundering." Dkt. 763, p. 6-7. She will testify that the Defendants used employee bank accounts to "funnel" money from sales of products on Amazon and that the pattern of transactions "is evidence of the Defendants' concealment of the source of the funds." *Id*., p. 7. "Ms. Czemerys will opine that the records of the activity in the Defendants' hundreds of bank accounts and tax records during the timeframe for the alleged money laundering conspiracy activity is consistent with persons engaged in illegal activity and money laundering." *Id*., p. 9.

### III.   DISCUSSION

#### A. Robert Eisenberg's Corporate Conviction and the Facts Surrounding his Charges, are Inadmissible under Rules 401-404.

##### 1.   Testimony from Czemerys about Eisenberg's Offense Conduct and Conviction is not Relevant.

Only relevant evidence, evidence tending to make a fact that is of consequence in determining the action more or less probable, is admissible at trial.  Irrelevant evidence is not admissible. Fed. R. Evid. 401 and 402.  Ms. Czemerys' anticipated testimony about Mr. Eisenberg's offense or conviction is not relevant because it does not tend to make any fact at issue to the case more or less probable. Fed. R. Evid. 401.

*First*, the fact that Ms. Czemerys identified payments allegedly made by Pavel Babichenko or Midstar to a company or companies owned by Mr. Eisenberg does not tend to make it more or less likely that any of the defendants engaged in any of the charges. There is no evidence Mr. Eisenberg's offense conduct was in any way factually connected to the Defendants.

5 •   DEFENDANTS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S FINANCIAL EXPERT, LINDA CZEMERYS, FROM TESTIFYING REGARDING (1) ROBERT EISENBERG'S CRIMINAL CHARGE AND CONVICTION, AND (2) THE DEFENDANTS' MOTIVE OR MENTAL STATE

The investigation of Mr. Eisenberg commenced more than six months after he had conducted business with Pavel Babichenko and Mr. Eisenberg's arrest was more than a year after he had conducted any business with Pavel Babichenko. There is no evidence Pavel Babichenko purchased counterfeit phones from Mr. Eisenberg.[2] The alleged offenses against the Defendants here are totally separate and unrelated. At most, absent evidence, there is only the Government's innuendo and speculation.

*Second*, the Government has not produced any evidence about the nature of the relationship between Pavel Babichenko (or any of the Defendants) and Mr. Eisenberg. The Government has produced no evidence that any of the defendants knew of Mr. Eisenberg's alleged involvement in selling counterfeit cell phones and accessories.

*Third*, Mr. Eisenberg's apparent conviction has no relevance in this trial. The government has produced no evidence Mr. Eisenberg's offense was related to any of the charges in this case. Importantly, the actual facts of Mr. Eisenberg's corporate guilty plea are unknown. The Government has *not* produced the plea agreement, guilty plea statement or the judgment. The Government seeks to present this hearsay evidence as a basis for its financial expert Ms. Czemerys' opinion. This end run around the evidence rules should not be allowed.[3] Simply put,

---

[2] In fact, the defense contends, in 2010-2011, Pavel Babichenko's business with Mr. Eisenberg was for the purchase of used telephones; conduct that is entirely legal.

[3] The Government may not use Ms. Czemerys' testimony as a back door for the admission of facts related to Pavel Babichenko's alleged relationship with Mr. Eisenberg's alleged trafficking in counterfeit cell phones. An expert may base her opinion on inadmissible facts or data, "[b]ut if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudice effect." Fed. R. Evid. 703. An expert may disclose hearsay to a jury for the limited purpose of explaining the basis for the expert's opinion, but the

there are no facts Pavel Babichenko, or any of the Defendants, were in any way connected to what is known of Robert Eisenberg's offense conduct. Even though the Defendants face similar charges to what Mr. Eisenberg was charged, the fact that Mr. Eisenberg trafficked in counterfeit phones independently and apart from the Defendants does not establish factual relevancy. Mr. Eisenberg's corporate conviction, and the facts underlying his conviction, are factually irrelevant and therefore inadmissible through Ms. Czemerys or otherwise at trial.

### 2. Testimony from Czemerys about Eisenberg is Inadmissible Under Rule 403.

Because the evidence about Mr. Eisenberg "would otherwise be inadmissible," the Government may disclose that evidence "to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. If the Eisenberg offense evidence has no probative value, it will not assist the jury in understanding Ms. Czemerys' expert opinion. The evidence about Mr. Eisenberg's offense conduct would inject unfairly prejudicial speculation about Pavel Babichenko or other defendants' potential involvement in his unrelated alleged criminal offense. The Defendants have no meaningful way to combat that evidence despite the fact that the Government has produced no evidence that any Defendant was actually involved in Mr. Eisenberg's offense. Ms. Czemerys lacks firsthand

---

evidence may not be used to establish the proof of the matter asserted. *Paddack v. Christensen*, 745 F.2d 1254, 1262 (9th Cir. 1984). If a court admits out-of-court statements under Rule 703, the court must "instruct the jury that the hearsay evidence is to be considered solely as a basis for the expert opinion and not as substantive evidence." *Id*. (quoting *United States v. Sims*, 514 F.2d 147, 149-50 (9th Cir. 1975)).

7 • DEFENDANTS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S FINANCIAL EXPERT, LINDA CZEMERYS, FROM TESTIFYING REGARDING (1) ROBERT EISENBERG'S CRIMINAL CHARGE AND CONVICTION, AND (2) THE DEFENDANTS' MOTIVE OR MENTAL STATE

knowledge of Mr. Eisenberg's alleged trafficking in counterfeit goods and thus cross-examination will be essentially useless. The Government does not intend to call as a witness anyone with firsthand knowledge. Accordingly, the probative value of the evidence about the Eisenberg offense does not substantially outweigh its prejudicial effect, and this court should exclude the evidence under Rule 703.

### 3. Evidence About Eisenberg is Inadmissible Other Bad Act Evidence.

The Government will likely argue the probative value of the Eisenberg evidence derives from an inference that payments made to Mr. Eisenberg, or entities associated with Mr. Eisenberg show an ongoing scheme to traffic in counterfeit cell phones and parts. Assuming, contrary to the above set forth argument, the Government can produce admissible evidence to support that inference, the Eisenberg offense evidence constitutes inadmissible propensity evidence of the Defendants' other crimes, wrongs or acts under Rule 404(b).

*First*, evidence of the Defendants' other crimes, wrongs, or acts related to Mr. Eisenberg is inadmissible because the Government failed to give notice of its intent to admit that evidence. *See* Fed. R. Evid. 404(b)(3)(A)–(C).[4]

*Second*, the other crimes, wrong, or acts are not relevant to any permissible purpose. *See* Fed. R. Evid. 404(b)(2). By offering Mr. Eisenberg's offense conduct through Ms. Czemerys, the Government attempts to admit inadmissible propensity evidence solely because its expert learned of Mr. Eisenberg's offense. That violates Rule 404(b).

### 4. The Fact that Pavel Babichenko did Business with an Individual that

---

[4] See, discussion of the recently amended Rule 404(b) in Defendants' Motion In Limine to Exclude Evidence Under Rules 401-404.

8 • DEFENDANTS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S FINANCIAL EXPERT, LINDA CZEMERYS, FROM TESTIFYING REGARDING (1) ROBERT EISENBERG'S CRIMINAL CHARGE AND CONVICTION, AND (2) THE DEFENDANTS' MOTIVE OR MENTAL STATE

**is Reported to Have Resided Near Eisenberg's Father is Clearly Irrelevant and Inadmissible.**

The fact that, from banking transactions, Ms. Czemerys can testify that in 2017-2018, Midstar did business with Open Line Mobility Ltd and Open Line Mobility Ltd's owner, Maurice Tebele is a neighbor of a person believed to be Robert Eisenberg's father, is entirely irrelevant. The only conceivable purpose for the Government to try to admit this evidence would be to impermissibly establish guilt by association with Robert Eisenberg, albeit a remarkably weak inference. Such testimony is irrelevant and far more prejudicial than probative.

**B.    Czemerys' Opinion about the Defendants' Motives or Intent is Inadmissible.**

**1.    Rule 702 and 704(b)**

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

An expert's testimony does not help the trier of fact understand the evidence under Rule 702 when it invades on the province of the jury. *United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993). Under Rule 702, "an expert witness cannot give an opinion as to her *legal* conclusion, *i.e.*, an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d

1051, 1059-60 (9th Cir. 2008) (quoting *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)).

In addition, Fed. R. Evid. 704(b) states: "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."  Rule 704(b) prohibits an expert's opinion when it "necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite mens rea." *United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997).[5]

Here, the intent or motive to conceal or disguise the source of money is an element of the charges. In Count 35 of the Superseding Indictment, the Government charges the Defendants with Conspiracy to Launder Money in violation of 18 U.S.C. section 1956(h). Dkt. 210, p.17.  To obtain a guilty verdict, the jury must find that the Government proved beyond a reasonable doubt that the Defendants knew the transactions were designed to "conceal or disguise" the nature or source of the proceeds of unlawful activity. *Id.* (Emphasis added). Similarly, in Counts 36 through 51, the Government charges the Defendants with Money Laundering in violation of 18 U.S.C. section 1956(a)(1)(B)(i), (2). To find the Defendants guilty, the jury must conclude the Defendants knew the specified financial transactions "were designed in while and in part to conceal and disguise" the source of the proceeds of unlawful activity and that the Defendants "knew that the property involved in the financial transaction represented the proceeds of some

---

[5] S*ee also United States v. Hayat*, 710 F.3d 875, 911-15 (9th Cir. 2013) (Tashima, J., dissenting) (explaining that expert witness testimony violates Rule 704(b) when it is the functional equivalent of testimony that the defendant has the requisite *mens rea*).

10 • DEFENDANTS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S FINANCIAL EXPERT, LINDA CZEMERYS, FROM TESTIFYING REGARDING (1) ROBERT EISENBERG'S CRIMINAL CHARGE AND CONVICTION, AND (2) THE DEFENDANTS' MOTIVE OR MENTAL STATE

form of unlawful activity[.]" Dkt. 210, p. 18.

Ms. Czemerys' testimony that some of the Defendants' financial transactions show they intended to "conceal or disguise" the source of the funds is the ultimate question for the jury. Ms. Czemerys' training as a forensic accountant does not make her a mind reader—she cannot know what a Defendant's intent was when they engaged in a financial transaction. Ms. Czemerys' expertise as a forensic accountant does not permit the Government to use her authority as an expert to tell the jury the Government has established the *mens rea* element of conspiracy to commit money laundering or money laundering. The Government may argue in closing argument the jury should infer the intent to conceal or disguise. But Rule 702 and 704(b) prohibits Ms. Czemerys from opining that a transaction or a series of transactions shows the intent to conceal or disguise.

Similarly, if Ms. Czemerys is allowed to testify about financial transactions using loaded buzz words by stating the Defendants' intended to "conceal," "disguise," "funnel," "siphon," "obfuscate," or "obscure" the source of funds, she is impermissibly testifying to the defendants' intent. Use of these loaded buzz words should be prohibited.

### 2. Rule 403

The danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time heavily outweighs whatever probative value evidence of the Defendants' intent or motive has, and such testimony from Ms. Czemerys should be excluded pursuant to Fed. R. Evid. 403. Because the question of the Defendants' intent is a question for jury, Ms. Czemerys' status as an expert risks the jury deferring to her "expertise" about the Defendants' intent or motive. Instead

of deliberating on the evidence presented by the Government to prove the Defendants' intent to conceal or disguise the source of funds, the jury may simply conclude the Government established that element because Ms. Czemerys said so. That would mislead the jury about its role as the trier of fact and unfairly prejudice the Defendants. The evidence is inadmissible under Rule 403.

## IV.   CONCLUSION

For the reasons stated above, the Court should exclude evidence of Robert Eisenberg's charges, charged offense conduct, guilty plea and judgment or disposition.

In addition, the Court should prohibit Linda Czemerys from testifying regarding the Defendants' motive or mental intent, including prohibiting her from using terms which, in effect, constitute testimony of motive or mental intent.

DATED this 7th day of April 2021.

> s/ Barry Flegenheimer
> s/ John DeFranco
> Attorneys for Pavel Babichenko

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
Criminal Division
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com
Barry Flegenheimer
119 First Ave. S., Suite 500
Seattle, WA 98155
barrylfp@gmail.com
*Attorneys for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com
Andrew Masser
2399 S. Orchard St., Suite 204
Boise, ID 83705
andrew@baldaufmasser.com
*Attorneys for Piotr Babichenko*

13 • DEFENDANTS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S FINANCIAL EXPERT, LINDA CZEMERYS, FROM TESTIFYING REGARDING (1) ROBERT EISENBERG'S CRIMINAL CHARGE AND CONVICTION, AND (2) THE DEFENDANTS' MOTIVE OR MENTAL STATE

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

/s/ Barry Flegenheimer

14 • DEFENDANTS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S FINANCIAL EXPERT, LINDA CZEMERYS, FROM TESTIFYING REGARDING (1) ROBERT EISENBERG'S CRIMINAL CHARGE AND CONVICTION, AND (2) THE DEFENDANTS' MOTIVE OR MENTAL STATE