Case 1:18-cr-00258-BLW   Document 808   Filed 04/07/21   Page 1 of 5


Ellen Smith, ISB. 5992
**SMITH HORRAS, P.A.**
5561 N. Glenwood St. Suite B
Boise, ID  83714
Telephone:  (208) 697-5555
Facsimile:  (800) 881-6219
ellen@smithhorras.com

Attorneys for Defendant,
MIKHAIL IYERUSALIMETS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>         Plaintiff,<br>  vs.<br><br>**PAVEL BABICHENKO, GENNADY BABITCHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, NATALYA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, MIKHAIL IYERUSALIMETS, and ARTUR PUPKO,**<br><br>         **Defendants.** | Case No.: CR18-258-S-EJL<br><br>**DEFENDANT MIKHAIL IYERUSALIMETS' MOTION TO EXCLUDE OPINION TESTIMONY CONCERNING HIS STATE OF MIND** |

COMES NOW, Defendant Mikhail Iyerusalimets, by and through his attorney of a record, Ellen Smith and hereby files this Motion in Limine requesting the Court exclude evidence and preclude the Government from eliciting opinion testimony or otherwise introducing evidence of the belief or opinion of any witness (other than Mr. Iyerusalimets if he chooses to testify) regarding Mr. Iyerusalimets' "state of mind."

The Government has charged the defendants with Conspiracy to Commit Wire Fraud (18 U.S.C. §§ 1349, 1343), Wire Fraud (18 U.S.C. §1343), Mail Fraud (18 U.S.C. 1341), Conspiracy to Traffic in Counterfeit Goods [18 U.S.C.§2320(a), (b)(1), (f)(1)], Trafficking in Counterfeit

Goods [18 U.S.C. §2320(a), (b)(1)], Conspiracy to Launder Money [18 U.S.C. §§1956(a)(1)(B)(i), 2] and Money Laundering [18 U.S.C. §§1956(a)(1)(B)(i), 2]. For each of these charges, the Government must prove beyond a reasonable doubt the elements set forth in each of these statutes. Notably, Mr. Iyerusalimets' "state of mind" is a necessary element that the government must prove beyond a reasonable doubt in order to prevail on the charged counts in the Superseding Indictment.

For example, to prove Conspiracy to Commit Wire Fraud and Wire Fraud under 18 U.S.C. §§1349 and 1343, it must be proven beyond a reasonable doubt that Mr. Iyerusalimets had the "intent to defraud." There is the identical intent requirement for Mail Fraud pursuant to 18 U.S.C. §1341. With regard to the charges related to Conspiracy to Traffic in Counterfeit Goods and Trafficking in Counterfeit Goods pursuant to 18 U.S.C. §2320, the government must prove that the alleged trafficking was "intentional" and that Mr. Iyerusalimets "knew" that the "mark so used" was counterfeit.

Although witnesses generally may testify about what Mr. Iyerusalimets said and did, the Court should preclude witnesses from testifying about their opinion regarding his state of mind, including his intentions or that Mr. Iyerusalimets "knew" or "should have known" of any fact, including the allegedly counterfeit nature of any product.   See FRE 701.

Under FRE 701, a lay witness may testify "in the form of an opinion" if it is "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue and (c) not based on scientific, technical, or other specialized knowledge." FRE 701. However, a lay opinion witness "may not testify based on speculation, rely on hearsay or interpret unambiguous, clear statements." United States v. Vera, 770 F.3d 1232, 1242 (9th Cir. 2014).

Witnesses may not testify to the mental impressions of another person or testify that a legal standard (knowledge/intent) has or has not been met.  See, e.g. United States v. Lloyd, 807 F.3d

1128, 1155-56 (9th Cir. 2015) (testimony about what telemarketers knew and intended in wire fraud prosecution "not admissible as lay opinion testimony under Rule 701"); U.S. v. Kupau, 781 F.2d 740, 745 (9th Cir. 1986) (testifying to another's state of mind "constitute[s] speculation" and such testimony should be excluded). Even expert witnesses are prohibited from stating an opinion about "whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." FRE 704 (b).

Whether Mr. Iyerusalimets had the scienter necessary to be convicted on any of the charged counts is for the jury alone to determine. The government should further not be permitted to elicit opinion testimony from any witness about Mr. Iyerusalimets' "state of mind" related to an element of the charged counts. See Lloyd, 807 F.3d at 1154-55 (witness improperly opined that defendant committed fraud); United States v. Hauert, 40 F.3d 197 200 (7th Cir. 1994) ("defendant's knowledge about tax laws and defendant's state of mind . . . are ordinarily not a proper subject for lay witness opinion testimony"); United States v. Dashner, No. 12 Cr-00646.

The government, therefore, should be precluded from eliciting opinion testimony or otherwise introducing evidence of the "belief" or "opinion" of any witness (other than Mr. Iyerusalimets, himself, should he testify) regarding Mr. Iyerusalimets' state of mind. The government should be ordered to instruct its witnesses prior to their testimony that they are precluded by Court order from offering such testimony.

Dated: April 7, 2021.

                                                    Respectfully Submitted,

                                                    By_____
                                                    Ellen N. Smith
                                                    Attorney for Defendant
                                                    MIKHAIL IYERUSALIMETS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Assistant United States Attorney Office of the
United States Attorney 1290 West Myrtle
Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov

Christian S. Nafzger
Assistant United States Attorney Office of the
United States Attorney 1290 West Myrtle
Street, Suite 500
Boise, ID 83702
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco

1031 E. Park Blvd.
Boise, ID 83712 jcd@greyhawklaw.com
*Attorney for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702 rigginslaw@gmail.com
*Attorney for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702 office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

DEFENDANT MIKHAIL IYERUSALIMETS' MOTION TO EXCLUDE OPINION TESTIMONY CONCERNING HIS STATE OF MIND

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681 Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

Charles Peterson
Melissa Winberg
Federal Defender Services of Idaho
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
*Attorneys for Anna Iyerusalimets*

Jeffrey Brownson
223 North 6th Street, Suite 215
Boise, Idaho 83702
jb@jeffreybrownsonlaw.com
*Attorney for Gennady Babitchenko*

Thomas B. Dominick 500 W. Bannock Street Boise, Idaho 83702
tom@dominicklawoffices.com
*Attorney for Artur Pupko*

/s/ Ellen Smith