Barry L. Flegenheimer
Washington State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104, (206) 621-8777, (206) 621-1256 (fax)
barrylfp@gmail.com

John DeFranco
Idaho State Bar No. 4953
Ellsworth, Kallas & DeFranco
1031 E. Park Blvd., Boise, ID 83712
(208) 336-1843, (208) 345-8945 (fax)
jcd@greyhawklaw.com

Attorneys for Defendant
PAVEL "PAUL" BABICHENKO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE B. LYNN WINMILL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>Defendants. | CASE NO. CR-18-258-BLW<br><br>MOTION IN LIMINE REGARDING CONFIDENTIAL HUMAN SOURCE |

1

Defendants[1] respectfully move this Court to exclude potential trial testimony from a Confidential Human Source (CHS) that Defendant, Paul Babichenko and other Defendants were selling "counterfeit phones," and engaging in "money laundering" and "tax evasion." The Defendants further seek to limit CHS's testimony speculating about the Defendants' and their employees' motives.[2] This motion is based on Fed. R. Evid.401-403 and 701, Defendants' presumption of innocence, and constitutes impermissible vouching.

I.   **Summary of Facts**

The Government intends to call a Confidential Human Source (CHS) at trial. On April 20, 2016, CHS met with law enforcement. A Special Agent for the FBI and an Intelligence Analyst conducted the interview. CHS made statements regarding his knowledge of the accused and others. His statements included that he worked for Paul Babichenko at 12586 West Bridger Street in Boise (Bridger Street Warehouse) selling counterfeit cell phones[.]" REPORTS_FBI-000014. He said "Artur Pupko is currently selling counterfeit cell phones online for Babichenko, along with other individuals." *Id*. CHS states the employees sell phones "under their name to hide any profit associated with Babichenko's name and the Bridger address." *Id*. CHS states employees "would bring cash or a check back to Babichenko. As a result, the cash would allow Babichenko to "hide his business profits" and that "the check would be written off as 'cost of

---

[1] This motion is filed on behalf of Paul Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalya Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

[2] The Defendants moved in limine to exclude a witness's use of the terms "counterfeit", "tax evasion" and "money laundering" in other motions. To avoid redundancy, the arguments in those motions are incorporated herein by this reference.

good purchase' or 'cost of good soul [*sic*]' which would allow Babichenko to hide his profitable income and write it off as a business enterprise." *Id*.

CHS stated the Babichenkos, David Bibikov and Artur Pupko "tend to fraudulently claim a very small profit margin and write off the remaining money as a business expense for tax evasion/fraud purposes." He continued to say the Babichenkos are really careful and will make sure everything is reported to the proper authorities but "will make sure that their taxable income is very low in order to not pay taxes." REPORTS_FBI-000014.

CHS "believes Babichenko and Bibikov are using Angelica Pupko's bank account to funnel money through accounts to not pay taxes . . .. After the money is funneled through different accounts and returns back to Midstar or Paul Babichenko, the money is transferred to 'the church' (Morningstar) because it's a non-profit where the money can be written off on taxes." *Id*. The "CHS stated that if law enforcement were to search the Bridger Street Warehouse they would find cell phones, counterfeit cell phone accessories, and cell phone cases." *Id*.

**II.      Legal Standards**

Only relevant evidence, which is evidence that has any tendency to make a fact that is of consequence in determining the action more or less probable, is admissible at trial. Fed. R. Evid. 401, 402. A district court my exclude when the probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Rule 701 provides:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

3

      (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

      (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. That rule prohibits lay opinion testimony "based on speculation[.]" *United States v. Vera*, 770 F.3d 1232, 1242 (9th Cir. 2014).

      The presumption of innocence "is a basic component to a fair trial under our system of criminal justice." *Estelle v. Willams*, 425 U.S. 501, 503 (1976). The presumption requires the jury to hold the Government to its burden of establishing each element of an offense beyond a reasonable doubt. *Taylor v. Kentucky*, 436 U.S. 478, 484 n. 12 (1978). A criminal defendant loses the presumption of innocence only after he or she has been convicted. *Herrera v. Collins*, 506 U.S. 390, 399 (1993); *Ford v. Peery*, 976 F.3d 1032, 1042 (9th Cir. 2020).

      "[T]estimony regarding a witness's credibility is prohibited unless it is admissible as character evidence." *United States v. Preston*, 873 P.3d 829, 836 (9th Cir. 2017) It is "black letter law" that neither witnesses nor advocates may comment on the truthfulness of other witnesses. *United States v. Alcantara-Castillo*, 788 F3d 1186, 1191 (9th Cir. 2015). Such a rule "ensures that determinations of credibility remain within the sole province of the jury." *Id*. The rule is especially significant as applied to prosecutors, because "[a] prosecutor is 'is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.'" *Id*. (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)).

**III.   Argument**

   **A.  Counterfeit, Money Laundering, Tax Evasion**

For the reasons explained in other motions in limine and incorporated into this motion by reference, CHS may not testify that any of the Defendants' conduct constituted "money laundering," or "tax evasion" or that any of the goods purchased or sold by the Defendants were "counterfeit." CHS opinion on these topics is irrelevant under Rule 401-402, substantially more prejudicial than probative under Rule 403, an opinion based on specialized or technical knowledge that cannot be the subject of lay opinion testimony under Rule 701(c), violates the Defendants' presumption of innocence, and constitutes impermissible vouching.

   **B.  Testimony about the Defendants', or their Employees' Motives**

CHS may not testify about the motives of Paul Babichenko or any other Defendant, or witness. *First*, the Government has produced no evidence about *how* CHS allegedly knows the motivation for Paul's business practices or any of the Defendants' financial transactions. CHS statements are inadmissible speculation under Rule 701. CHS cannot offer an opinion related to tax law or tax implications. CHS was a source of information during the Government's investigation. His subjective and expansive opinions may have been interesting to law enforcement, but were speculative and, therefore, inadmissible at trial.

*Second*, CHS's lay opinions testimony are irrelevant under Rule 402. CHS's opinion about whether a Defendant engaged in an act to evade taxes does not make it more or less probable that the Defendant did so and amounts to rank speculation. CHS stated employees sold phones in their own names to avoid profits being associated with Babichenko or the Bridger Street Warehouse. CHS also stated return addresses other than Bridger Street Warehouse were used to avoid detection by Amazon, because the platform discouraged multiple sellers using a single address. CHS lacked a basis for these opinions and his opinions are inadmissible.

5

*Third*, even if relevant and admissible under Rule 701, the minimal probative value is substantially outweighed by the danger of unfair prejudice. CHS opinions regarding Paul's or any employee's or witnesses' motivations for their business decisions are based on CHS's speculation about what is inside another's mind. Even if CHS performed the same function as other employees, and operated with an intent consistent with his opinions assumes were held by the Defendants, it does not follow anyone shared his same intent. To allow him to so testify is far more prejudicial than probative.

A jury is instructed to use common sense and experience when deliberating over reasonable inferences regarding a person's motivation. That exercise is based on the evidence and a witness's perceptions, but not speculation. Permitting CHS to essentially make a version of the Government's closing argument about Paul or other Defendants' intent on the witness stand creates an unfair risk that the jury will rely on the CHS's lay opinion. This Court should exclude the evidence under Rule 403.

*Fourth*, permitting CHS to testify that Paul intended to evade taxes or "funnel" money through another person's bank account violates the presumption of innocence. Whether Pavel or any Defendant committed money laundering is an ultimate question for the jury. CHS should not invade the province of the jury by offering such speculative and conclusory testimony.

*Fifth*, permitting CHS to testify that the Defendants' engaged in business practices or financial transactions to evade Amazon's rules, evade taxes, or laundering money constitutes impermissible vouching. The Defendants deny that any crime occurred. Permitting CHS to testify as to his/her speculative opinion that a crime *did* occur, constitutes impermissible vouching the credibility of other Government witnesses and the Government's case.

## V.     Conclusion

Defendants respectfully move to prohibit the CHS from testifying that phones or accessories are "counterfeit", that the Defendants engaged in "money laundering" or "tax evasion," and from testifying about the CHS's speculative lay opinion about the Defendants' motivations for business practices or financial transactions, or the Defendants' employees' motivations.

Dated This 7th day of April 2021.

/s/ John DeFranco
CJA counsel for Paul Babichenko

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of April, 2021, I filed the foregoing document utilizing the Court's electronic CM/ECF system, which caused a Notice of Electronic Filing to be served on the following:

| | |
|---|---|
| Melissa D. Winberg<br>Nicole Owens<br>Federal Defender Services of Idaho<br>702 West Idaho Street, Suite 1000<br>Boise, ID  83702<br>Melissa_winberg@fd.org<br>Nicole_Owens@fd.org<br><br>Katherine L. Horwitz<br>Christian S. Nafzger<br>Office of the United States Attorney<br>1290 W. Myrtle Street, Ste. 500<br>Boise, ID  83702<br>khorwitz@usa.doj.gov<br>cnafzger@usa.doj.gov<br><br>Timothy C. Flowers<br>US Department of Justice<br>1301 New York Avenue NW, Ste. 600<br>Washington, DC 20530<br>Timothy.Flowers2@usdoj.gov<br><br>John C. DeFranco<br>Ellsworth, Kallas & DeFranco, PLLC<br>1031 E. Park Blvd.<br>Boise, ID  83712<br>jcd@greyhawklaw.com<br><br>Jeffrey E. Brownson<br>Law Offices of Jeffrey Brownson<br>223 N. 6th Street, Ste. 215<br>Boise ID  83702<br>jb@jeffreybrownsonlaw.com | Rob S. Lewis<br>913 River Street, Ste. 430<br>Boise, ID  83702<br>office@roblewislaw.com<br><br>Greg S. Silvey<br>Silvey Law Office, Ltd.<br>PO Box 5501<br>Boise, ID  83705<br>greg@idahoappeals.com<br><br>J.D. Merris<br>671 E. Riverpark Lane, Ste. 210<br>Boise, ID  83706<br>jmerris@earthlink.net<br><br>Robyn A. Fyffe<br>Fyffe Law LLC<br>PO Box 5681<br>Boise, ID  83705<br>robyn@fyffelaw.com<br><br>Ellen N. Horras-Smith<br>5561 N. Glenwood St.<br>Boise, ID  83714<br>Ellen@smithhorras.com<br><br>Thomas Dominick<br>Dominick Law Offices<br>500 W. Bannock Street<br>Boise, ID 83702<br>tom@dominicklawoffices.com |

/s/ John C. DeFranco