Barry L. Flegenheimer
WA State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
(206) 621-8777
(206) 621-1256 (fax)
barrylfp@gmail.com

John DeFranco
Idaho State Bar No. 4953
Ellsworth, Kallas & DeFranco
1031 E. Park Blvd.
Boise, ID 83712
(208) 336-1843
(208) 345-8945 (fax)
jcd@greyhawklaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | CASE NO. CR-18-00258-BLW |
| PAVEL BABICHENKO, GENNADY BABITCHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, NATALYA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMENTS, MIKHAIL IYERUSALIMETS, ARTUR PUPKO, | **DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTIONS IN LIMINE REGARDING THE GOVERNMENT'S SUMMARY EXHIBITS** |
| Defendants. | |

1 • DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTIONS IN LIMINE REGARDING THE GOVERNMENT'S SUMMARY EXHIBITS

## I.    INTRODUCTION

The Defendants[1] move, pursuant to the Due Process Clause of the Fifth Amendment,

Federal Rule of Criminal Procedure 16, and this Court's order regarding pretrial deadlines, for a

two-week extension of time to file motions in limine regarding the Government's recently

disclosed summary exhibits.  The request is limited to the summary exhibits.  On April 1 and

April 5,[2] in two batches, the Government disclosed 187 financial summary exhibits totaling

nearly 8,000 pages.  Motions in limine are currently due April 8. One week is not sufficient time

to review and prepare motions in limine regarding those summary exhibits. The Defendants

request a two-week extension until April 22. The Government opposes this motion.

## II.    BACKGROUND

At the beginning of March, 2021, the parties stipulated to, and the Court ordered, the

following pretrial deadlines: The Government was to provide all discovery and summary exhibits

by April 1, 2021, [3] and the parties were to file motions in limine by April 8, 2021. Dkts. 769,

777, 778.

On April 1, the Government provided the Defendants with its 29th discovery production.

Included in that production was a draft summary exhibits' folder of 169 files totaling nearly

6,000 pages. The majority of those summary exhibits are multiple-page Excel spreadsheets

---

[1] This motion is filed on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalya Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").
[2] The Government failed to meet the Court's April 1 deadline.  On April 6, the Government produced a second batch of summary exhibits, 5-days after the Court's deadline.
[3] In November, 2020, the Government indicated it would disclose preliminary drafts of its summary exhibits.  Thereafter, the trial was continued and no summary exhibits were provided until the disclosures that took place over the last week.

analyzing the Defendants' tax returns, the financial transactions from various bank accounts associated with the Defendants or their businesses[4], and other financial transaction summaries. Many of the spreadsheets identify the source of all of the information on the spreadsheet by Bates range. For example, one of the larger Excel spreadsheets simply provides, "Bates #095892-096299; 117352-118816; 228872-229839; 317689-317906; 319713-319916," as the source for the information contained on all 319 of its pages.

Then, on April 6, after the applicable deadline, the Government provided the Defendants with its 31st discovery production.[5] This production contained an additional eighteen files labeled as "draft exhibit summaries." Much like the summary exhibits produced on April 1, these summary exhibits analyzed financial transactions of bank accounts associated with the Defendants, as well as incoming and outgoing wire transfers. Many of the exhibits again included only a Bates range as the source of all of the information in each file. The largest summary exhibit is 504 pages long.

In sum, the summary exhibit spreadsheets are voluminous and, more importantly, quite dense. The summaries rely upon and distill many thousands of pages of documents culled from the multiple terabytes of discovery produced in this case. The summaries analyze and interpret untold thousands of financial transactions and will be offered by the Government as the foundation and guide for its expert's opinions.

---

[4] A handful of the "summary exhibits" are not summary exhibits at all. For example, included in the summary exhibits are copies of documents related to an investigation in New York.

[5] The Government provided its 30th discovery production the day before, on April 5. It appears one of those files—which is currently just an excel placeholder—may be a summary exhibit. If so, this motion applies equally to that summary exhibit.

3 • DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTIONS IN LIMINE REGARDING THE GOVERNMENT'S SUMMARY EXHIBITS

The Government opposes this motion because: (1) the Defendants have not currently been able to distill their objections to the summary exhibits; and, (2) allowing the Defendants more time will affect the efficacy of the pretrial conference scheduled for later this month where evidentiary stipulations are expected to be discussed.

## III.    ARGUMENT

The Court should grant the Defendants' request for a two-week extension. The request is reasonable and necessary. One week[6] provides insufficient time for counsel to: (1) review, understand and analyze the nearly 8,000 pages of the 187 summary exhibits, and (2) research and draft the myriad of possible objections the summary exhibits may raise. Admittedly, even a two-week extension will leave defense counsel scrambling to properly vet the summary exhibits. But, without additional time to review and address the newly disclosed materials, the Defendants' trial will be rendered fundamentally unfair before it is even started.

The Excel spreadsheet summary exhibits are dense and complex. They are of central importance to the Government's case.  Simply determining their accuracy against the thousands of pages of financial records produced in discovery will require many tedious hours of careful review.  Moreover, the Government has designed the spreadsheets to lay the groundwork for the expert opinions it intends to present.  Careful review for accuracy, reliability and admissibility is required and necessitate the extension requested herein.

Previously, the defense requested for the Government to provide disclosure of its financial expert's opinions; a disclosure that clearly states the opinions it expects the expert to

---

[6] The Government's most recent production was only 4-days prior to the motion in limine due date.

provide at trial.  However, thus far, sufficient disclosure has not been provided.[7]  Rather than disclosing her opinions in a straightforward narrative, the Government is attempting to fulfill its Rule 16 obligations by provision of the just disclosed summary exhibits.  To adequately prepare, defense counsel are faced with the challenging task of interpreting the voluminous data contained in the Government's summary exhibit spreadsheets to determine what, if any, evidentiary objections are necessitated.  The two-week extension requested herein is necessary for counsel to provide adequate representation to their clients and ensure that only admissible evidence is presented at trial.

The Government's reasons for opposing the requested extension are not persuasive.  The defense absolutely needs more time to review the summary exhibits and research potential motions.  To avoid this problem, knowing the volumes of materials it expected to disclose, the Government could have provided these exhibits far earlier.  In fact, the Government could have rolled these exhibits out as they were being prepared rather than disclosing them in bulk this week.  Given the dates the Government provided the summary exhibits, defense counsel could not reasonably be expected to file motions in limine regarding these exhibits.  If the extension is granted, any motions in limine filed that are limited to the summary exhibits, will not compromise the value of scheduled pretrial hearing or delay the trial.[8]  The extension is necessary for the fair administration of justice.

---

[7] The Government did provide general categories of expected opinion testimony, with some illustrative examples. Dkt. 763.

[8] To date, the Government has not disclosed what, if any, stipulations it may seek regarding the summary exhibits. It is unknown at this time whether the summary exhibits will be discussed at the upcoming pretrial conference.  If stipulations are sought, a subsequent hearing can be scheduled to address summary exhibits.

5 • DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTIONS IN LIMINE REGARDING THE GOVERNMENT'S SUMMARY EXHIBITS

## IV.    CONCLUSION

The Defendants respectfully request that the Court grant their request for a two-week

extension of the motion in limine deadline with respect to the Government's summary exhibits.

DATED this 8th day of April, 2021.


                                                        s/ Barry Flegenheimer
                                                        s/ John Defranco
                                                        Attorneys for Pavel Babichenko

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
Criminal Division
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com
Barry Flegenheimer
119 First Ave. S., Suite 500
Seattle, WA 98155
barrylfp@gmail.com
*Attorneys for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com
Andrew Masser
2399 S. Orchard St., Suite 204
Boise, ID 83705
andrew@baldaufmasser.com
*Attorneys for Piotr Babichenko*

7 • DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTIONS IN LIMINE REGARDING THE GOVERNMENT'S SUMMARY EXHIBITS

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

/s/ Barry Flegenheimer

8 • DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE MOTIONS
IN LIMINE REGARDING THE GOVERNMENT'S SUMMARY EXHIBITS