Silvey Law Office Ltd
Greg S. Silvey, Attorney
ISB # 5139
P.O. Box 5501
Boise, Idaho 83705
(208) 286-7400
ECF:greg@idahoappeals.com

Attorney for Defendant
Kristina Babichenko

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | DC No. CR-18-258-S-EJL |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT KRISTINA |
| vs. | ) | BABICHENKO'S MOTION IN |
| | ) | LIMINE TO EXCLUDE F.R.E. |
| | ) | 404(b) EVIDENCE |
| KRISTINA BABICHENKO, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

COMES NOW, Defendant KRISTINA BABICHENKO,[1] by and through her attorney of record, Greg S. Silvey, and hereby moves the Court, pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b), and the Due Process Clause

---

1 This motion is filed on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalya Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

Defendant's Motion in Limine 404(b)-1

of the Fifth Amendment, to exclude all evidence of the Defendants' taxes, prior civil suits, and unrelated investigations from trial.

## I.  Introduction

The Government has charged the Defendants with fifty-one counts of wire fraud, mail fraud, trafficking in counterfeit goods, money laundering, and conspiracy related to the Defendants' businesses, which sold Apple and Samsung cell phones and accessories. *See* Dkt. 210. To prove those charges, the Government intends to admit irrelevant, confusing, time-consuming, and highly prejudicial character evidence related to the Defendants' purported underreporting of tax income and unrelated civil lawsuits. *See* Dkt. 784. The Government may also attempt to introduce other acts evidence that it failed to recognize as such, including unrelated investigations into the Defendants. That evidence is likewise irrelevant, confusing, time-consuming, and highly prejudicial. Because Rule 404(b) applies to the entirety of that evidence, and because it is inadmissible pursuant to Rules 401, 402, 403, 404(b), and the Due Process Clause, this Court must exclude it.[2]

## II.  Legal Standards

Only relevant evidence, which is evidence that has any tendency to make a fact that is of consequence in determining the action more or less probable, is admissible at trial. Fed. R. Evid. 401, 402. Relatedly, Federal Rule of Evidence

---

[2] Alternatively, if the Court admits any of the other acts evidence, it should give the jury a limiting instruction on the permissible use of that evidence.

Defendant's Motion in Limine 404(b)-2

404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." That evidence may be admissible, however, if it is relevant to a permissible purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).[3]

The district court can exclude even relevant evidence, "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, [and] wasting time . . . ." Fed. R. Evid. 403. Further, in a criminal case, Rule 404(b)(3) requires that the Government provide pretrial notice of any Rule 404(b) evidence it intends to introduce at trial. If the Government fails to give notice, that evidence will be inadmissible unless the Government shows good cause. Fed. R. Evid. 404(b)(3)(C).

To determine whether other act evidence is admissible pursuant to Rule 404(b), this Court asks whether, among other things, the evidence tends to prove a material point and the evidence is sufficient to support a finding that defendant committed the other act. *United States v. Lague*, 971 F.3d 1032, 1038 (9th Cir. 2020). The Government "has the burden of proving that the evidence meets all of the above requirements." *Id.* (citation omitted). If the Government meets that burden, then the Court must weigh the probative value of the evidence against

---

[3] The Defendants have objected separately to the inadequacy of the Government's Notice of Intent to Offer Evidence Under Rule 404(b). *See* Dkts. 784, 794.

Defendant's Motion in Limine 404(b)-3

its prejudicial effect. *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012). The erroneous admission of other acts evidence under Rule 404(b) may amount to a violation of the defendant's Fifth Amendment right to a fair trial and the presumption of innocence. *See Kipp v. Davis*, 971 F.3d 939, 960 (9th Cir. 2020) ("A defendant's right to due process is violated when courts admit other crimes evidence where there were no permissible inferences that could be drawn from the evidence, in other words, no inference other than conduct in conformity therewith."); *United States v. Daniels*, 770 F.2d 1111, 1118 (D.C. Cir. 1985) ("The exclusion of other crimes evidence is not simply a 'technicality' designed to prevent law enforcement personnel from doing their job; it reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence.").

Finally, the Ninth Circuit has held that "'other act' evidence [that is] is inextricably intertwined with the crime with which the defendant is charged . . . need not meet the requirements of Rule 404(b)." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). It has identified two such categories of evidence: First, when the defendant's charged and other acts "are part of a *single* criminal transaction," and, second, when evidence of the other act "is *necessary* for the government to offer a coherent story of the crime." *Lague*, 971 F.3d at 1038 n.5 (emphasis added, citation omitted).

Defendant's Motion in Limine 404(b)-4

### III. Argument

**A.   This Court must exclude the Government's noticed Rule 404(b) evidence.**

The Government gave notice of its intent to introduce three categories of Rule 404(b) evidence: Prior civil trademark lawsuits against some of the Defendants, the Defendants' "reported tax income,"[4] and "trademark and certification mark violations."[5] Dkt. 784 at 3–6.[6]

Evidence of those other acts is inadmissible under Rules 401, 402, and 404(b) because it is irrelevant to the charges and there is insufficient evidence to support a finding that the Defendants committed the acts in the first place. Further, the evidence is inadmissible under Rule 403 because whatever slight probative value the other acts could possibly have is heavily outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting

---

4 The Government has been careful to re-label these categories of evidence to make it sound less like the pure propensity evidence that it is. *See* Dkt. 784 at 4–5. What it has neutrally termed "reported tax income," is in fact alleged tax evasion. And what it has softly labeled "trademark and certification mark violations," are uncharged allegations that the Defendants trafficked in counterfeit goods.

5 The Defendants will address the "trademark and certification mark violations," as well as the propriety of the Ninth Circuit's "inextricably intertwined" standard, in a separate motion in limine. They incorporate those arguments here by reference.

6 As the Defendants explained in their objection to that Notice, the Government failed to meet the new requirements of Rule 404(b)(3)(A)–(C). *See* Dkt. 794. For each of the categories of proposed evidence, the Notice describes the general nature of the evidence before claiming that it is admissible for the same six purposes as to all nine Defendants and (potentially) all fifty-one counts. Dkt. 784 at 4–6.

time. The Government will be unable to meet its burden of showing that the evidence is admissible, and this Court must exclude it.

### 1. The Defendants' Taxes and Purported Tax Evasion

The Government intends to introduce evidence of the Defendants' taxes in an effort to show that the Defendants underreported their income. Dkt. 763 at 8–9; Dkt. 784 at 4. That evidence is inadmissible.

#### a. Tax-related evidence is inadmissible pursuant to Rules 401, 402, and 404(b).

Evidence of the Defendants' taxes is inadmissible pursuant to Rules 401, 402, and 404(b) for multiple reasons. First, that evidence, including the Defendants' alleged tax evasion, does not have any tendency to make a fact that is of consequence in determining the action more or less probable and is not relevant to a permissible purpose. *See* Fed. R. Evid. 401, 402, 404(b)(1)–(2); *Lague*, 971 F.3d at 1038. The Defendants are not charged with tax evasion and the Government has not alleged that any tax offense is a specified unlawful activity ("SUA") in the money laundering charges. *See* Dkt. 210. Thus, the Defendants' taxes are not probative of any material issue in this case.

In its Rule 404(b) notice, the Government claims that "[t]he Defendants consistently reported annual incomes substantially lower than that deposited into and spent from their personal bank accounts." The Government then posits this disparity shows that the Defendants are concealing the source of the funds.

Thus, the Government concludes that "[t]his evidence tends to show the Defendants had the knowledge and intent to operate the scheme alleged in the

Defendant's Motion in Limine 404(b)-6

Superseding Indictment; it also establishes opportunity, preparation, plan, and the absence of mistake or accident." Dkt. 784 at 4.

In reality, any alleged disparity shows nothing about operating a scheme, much less the boilerplate of other 404(b) permissible uses of other acts evidence. But to address the Government's inference, it confuses the money laundering tax return scenarios concerning the complete failure to file tax returns or the complete failure to report the alleged proceeds of a SUA with its allegation in this case of the mere underreporting of the proceeds of an alleged SUA.

In other words, the Government admits that the Defendants filed tax returns and also admits that those tax returns contained income from business activities which the Government alleges are SUAs. Obviously, reporting income from an alleged SUA does not conceal the source of the reported funds as not coming from an SUA, and whether the amount is greater, the same, or lesser than it should be does not change that.

In short, the Government's proposed evidence is not relevant to any fact of consequence nor to any permissible purpose; it goes only to show the Defendants' character as criminal because, in addition to the laundry list of charges in the Superseding Indictment, they also committed tax evasion according to the Government. Because that evidence goes to nothing more than propensity, admitting it may also violate the Defendants' due process rights to a fair trial and the presumption of innocence. *See Kipp*, 971 F.3d at 960; *Daniels*, 770 F.2d at 1118.

Defendant's Motion in Limine 404(b)-7

Nor do the other of the Government's fallback reasons for using the evidence of claimed tax evasion help. No reasoning supports these usages as required by the new version of the rule.

The second reason the Defendants tax returns are inadmissible under 404(b) is because the income from the alleged SUAs was in fact reported and therefore was not even concealed as claimed by the Government. As the Government well knows, many millions of dollars in income from business activity it claims was illegal was reported on the tax returns of the business entities involved in this case. Tax returns from various entities involved were in the original exhibit list but have since been removed and now are described in the Government's summary exhibits. For example, Global Distributors, LLC, reported $4,565,489 in gross income in 2015. Of course, reporting income does not conceal it.

      **b.    The tax-related evidence is inadmissible pursuant to Rule 403.**

Even if relevant, this Court should exclude evidence of the Defendants' taxes returns and their financial expert's testimony thereon from trial because the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time heavily outweighs whatever slight probative value that evidence might have. *See* Fed. R. Evid. 403. The Government wants to introduce exhibits and purported expert testimony [Dkt. 763] related to the Defendants' financial records and tax filings in order to show an alleged disparity between the

Defendants' actual and reported income. However, this will require the proverbial trial within a trial.

What will happen is that the Government's financial expert will testify about the nine Defendants' tax returns for multiple years as well as their personal bank accounts and how those Defendants had more money deposited into their personal bank accounts for each of the relevant years. In addition to the cross examination by the nine defense attorneys, the Defendants will call their financial expert. Then they will introduce the business entity tax returns from multiple years, as well as more bank records. The trial will then be about the accounting for the business entities, whether the tax returns of the entities were properly prepared, whether the personal tax returns were properly prepared, and how the money was spent.

Requiring the Defendants to litigate those uncharged, collateral issues will result in multiple mini-trials, will divert the jury's attention from the real issues in the case, and will waste precious time and resources in this already lengthy trial. *See United States v. Khan*, 508 F.3d 413, 417 (7th Cir. 2007) (upholding the district court's exclusion of evidence that would result in collateral issues being litigated). Delving into the Defendants' purported tax evasion also runs the risk of unfairly prejudicing them by inviting the jury to conclude that the Defendants are not law-abiding citizens and must be guilty of something. *See United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005) ("Whether there was unfair prejudice depends on whether there was an undue tendency to

suggest decision on an improper basis.") (internal quotation marks omitted); *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (evidence "is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case.") (internal quotation marks omitted). This Court should exclude all evidence of the Defendants' taxes.

      **c.**     **The taxes are not part of the instant crimes and are instead Rule 404(b) evidence.**

Make no mistake, the tax evasion evidence is Rule 404(b) evidence, it is not inextricably intertwined[7] with the instant crimes. The claimed tax evasion is simply not part of the money laundering allegations, or any other charged crime for that matter.

First and foremost, tax evasion is not a specified unlawful activity, the proceeds of which are allegedly being laundered. The filing of taxes is completely and utterly separate from the financial transactions that are alleged to be money laundering. The one does not depend on the other, is not done in conjunction with the other, nor does it result from the other. The same is true of the other charges. The actions comprising mail or wire fraud or trafficking in counterfeit goods are not related to the filing of taxes.

---

[7] To the extent they are "inextricably intertwined," that is not the correct standard. The tax evidence is "other" than or extrinsic to the charges in this case, and thus Rule 404(b) controls.

Defendant's Motion in Limine 404(b)-10

Nor is the evidence required for the Government to present a coherent and comprehensible story to the jury of the events relevant to the criminal charges. It is actually easier for the Government to tell the story without complicated accounting evidence, but it would rather present propensity evidence.

In any event, even if the tax evasion is not Rule 404(b) evidence, the Defendants still contest it and it will still require a trial within a trial. The Court should excluded it under Rule 403.

### 2. Prior Civil Suits

The Government intends to introduce evidence that Virgin Mobile USA, LLC and Tracfone Wireless, Inc., sued some (but not all) of the Defendants for various state and federal civil claims, including trademark infringement. Dkt. 784 at 4. The parties settled the Virgin Mobile lawsuit by agreeing to a permanent injunction, while the parties in the TracFone lawsuit reached an undisclosed settlement in arbitration. Dkt. 784 at 3–4. Evidence of those lawsuits is inadmissible.

#### a. The lawsuits are inadmissible pursuant to Rule 404(b).

First, the lawsuits do not have any tendency to make a fact that is of consequence in determining the action more or less probable and are not relevant to a permissible purpose. *See* Fed. R. Evid. 401, 402, 404(b)(1)–(2); *Lague*, 971 F.3d at 1038. The lawsuits involved various state and federal civil claims, of which only the trademark infringement claims are at all related to the charges in this case, and the lawsuits were brought by entities other than the alleged

victims in this case. Complaint, *Virgin Mobile USA, LLC v. Blue Oceans Distributing, LLC, et al.*, No. 1:06- cv-00511-EJL (Dec. 19, 2006), ECF No. 1; Complaint, *Tracfone Wireless, Inc. v. Blue Oceans Distributing, LLC, et al.*, No. 1:09-cv-20386-UU, (Feb. 13, 2009), ECF No. 1; *see* Dkt. 210. The lawsuits have no bearing on this case, and go only to show the Defendants' characters as "shady" business people. Because that evidence goes to nothing more than propensity, admitting it may also violate the Defendants' due process rights to a fair trial and the presumption of innocence. *See Kipp*, 971 F.3d at 960; *Daniels*, 770 F.2d at 1118.

Second, evidence of the lawsuits is insufficient to support a finding that the Defendants committed the allegations in the complaints. To begin, "a complaint is merely an accusation of conduct and not, of course, proof that the conduct alleged occurred." *Bailey*, 696 F.3d at 801. Admitting evidence of a complaint may permit the jury "to succumb to the simplistic reasoning that if the defendant was accused of the conduct, it probably or actually occurred. Such inferences are impermissible." *Id.* Relatedly, "admitting [into evidence] prior conduct charged but *settled with no admission of liability* is not probative of whether the defendant committed the prior conduct, much less whether he committed the conduct in question. There is no logical relevancy to admitting this type of evidence." *Id.* at 800 (emphasis added). The parties in the civil suits settled the claims, but it does not appear that the Defendants admitted liability. Final Judgment, *Virgin Mobile USA, LLC v. Blue Oceans Distributing, LLC, et*

Defendant's Motion in Limine 404(b)-12

*al.*, No. 1:06-cv-00511-EJL (Feb. 27, 2007), ECF No. 36; Order of Dismissal, *Tracfone Wireless, Inc. v. Blue Oceans Distributing, LLC, et al.*, No. 1:09-cv-20386-UU (April 5, 2010), ECF No. 39. Thus, evidence of the lawsuits is insufficient to support a finding that Defendants committed even the *civil* violations alleged in the complaints.

### b. The lawsuits are inadmissible pursuant to Rule 403.

Even if relevant, this Court should exclude evidence of the civil suits from trial because the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time heavily outweighs whatever slight probative value that evidence might have. *See* Fed. R. Evid. 403. If evidence of these lawsuits comes in, the Defendants will have to put on evidence of what they were really about and why they do not relate to this case, wasting even more time in this already lengthy trial. Putting these unrelated and unproven civil claims to the jury runs the very substantial risk of confusing the jury by leading them to believe that the lawsuits have some bearing on this case. At the same time, that evidence will prejudice the Defendants by once again making them out to be reckless business owners who routinely break the law and must be guilty of something. This Court should exclude evidence of the civil suits.

### c. The lawsuits are not "inextricably intertwined," thus are Rule 404(b) evidence.

The allegations in the civil suits are not a part of any single criminal transaction that serves as the basis for the charges in this case. Those allegations almost entirely precede the alleged conspiracy and were made by business

Defendant's Motion in Limine 404(b)-13

entities who are not alleged to be victims in this case. *See Vizcarra-Martinez*, 66 F.3d at 1013 ("Coincidence in time is insufficient. . . . There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)"); *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) ("A transaction that is far removed in time from the charged transaction, however, cannot be considered 'a part of' the charged transaction."). Nor is evidence of those civil suits necessary for the Government to present a coherent story regarding the commission of the crime. Quite to the contrary, that evidence would confuse and mislead the jury into believing it is somehow relevant to the criminal charges in this case. Thus, Rule 404(b) governs the admissibility of the civil lawsuits.[8]

**B.    This Court must exclude evidence of unrelated investigations into the Defendants, which is Rule 404(b) evidence of which the Government did not give notice.**

In addition to the Government's noticed Rule 404(b) evidence, this Court must exclude all evidence of unrelated investigations into the Defendants from trial, such as an investigation into whether Piotr Babichenko and Pavel Babichenko bought and then sold cell phones that had allegedly been stolen in Texas in June 2009; an investigation into alleged problems or misconduct related to, or illegal activity taking place at, the Petra Christian School; and allegations of insurance fraud related to a 2017 burglary of the Bridger warehouse.

---

[8] To the extent this evidence is "inextricably intertwined," that is not the correct standard. The lawsuits are "other" than or extrinsic to the charges in this case, and so Rule 404(b) controls.

Defendant's Motion in Limine 404(b)-14

That other acts evidence is inadmissible under Rules 401, 402, 403, and 404(b) for at least three reasons. First, the Government failed to give notice of it, there is no good cause to excuse that failure, and any later notice will not afford the Defendants a fair opportunity to meet the evidence. *See* Fed. R. Evid. 404(b)(3)(A)–(C). Second, evidence of those other acts is inadmissible because it does not have any tendency to make a fact that is of consequence in determining the action more or less probable, it is not relevant to any permissible purpose, and there is insufficient evidence to support a finding that any of the Defendants committed the acts that were being investigated. *See* Fed. R. Evid. 401, 402, 404(b)(1)–(2). Third, the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time heavily outweighs whatever slight probative value evidence of the unrelated investigations might have. *See* Fed. R. Evid. 403.

## IV.     Conclusion

The Defendants respectfully request that this Court exclude all evidence of their taxes, prior civil suits, and unrelated investigations.

DATED This 8th day of April, 2021.

/s/
Greg S. Silvey
Attorney for Defendant
greg@idahoappeals.com

Defendant's Motion in Limine 404(b)-15

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Assistant United States Attorney
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov

Christian S. Nafzger
Assistant United States Attorney
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com
*Attorney for Pavel Babichenko*

Barry L. Flegenheimer
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
barrylfp@gmail.com
*Attorney for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com
*Attorney for Piotr Babichenko*

Rob S. Lewis

Defendant's Motion in Limine 404(b)-16

913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

Jeffrey E. Brownson
223 N. 6th St, Ste. 215
Boise, ID 83702
jb@jeffreybrownsonlaw.com
*Attorney for Gennady Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

Thomas B. Dominick
500 W. Bannock Street
Boise, Idaho 83702
tom@dominicklawoffices.com
*Attorney for Artur Pupko*

                                              /s/ Greg S. Silvey
                                              Greg S. Silvey