**PAUL E. RIGGINS, I.S.B. #5303**
**RIGGINS LAW, P.A.**
**380 S. 4th Street, Suite 104**
**Boise, Idaho 83702**
**Phone:  (208) 344-4152**
**Email: rigginslaw@gmail.com**

**ANDREW S. MASSER, ISB #9544**
**BALDAUF MASSER, LLP**
**2399 Orchard Street, Ste. 204**
**Boise, Idaho 83705**
**Phone: 208-841-6131**
**Email: andrew@baldaufmasser.com**

**Attorneys For Defendant PIOTR BABICHENKO**


### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **CASE NO.  CR18-258-S-BLW** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **PAVEL BABICHENKO,** | ) | |
| **GENNADY BABITCHENKO,** | ) | |
| **PIOTR BABICHENKO,** | ) | |
| **TIMOFEY BABICHENKO,** | ) | |
| **KRISTINA BABICHENKO,** | ) | **Defendant Piotr Babichenko's** |
| **NATALYA BABICHENKO,** | ) | **Motion In Limine for a** |
| **DAVID BIBIKOV,** | ) | **Bill of Particulars re:** |
| **ANNA IYERUSALIMETS,** | ) | **Theory of Case** |
| **MIKHAIL IYERUSALIMETS,** | ) | |
| **ARTUR PUPKO,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Defendants[1] respectfully move this Court for a Bill of Particulars that clarifies the Government's theory about whether alleged safety issues or harm to consumers from electronic devices sold by the Defendants are a factor when determining if a device is counterfeit. The Defendants' filed a related motion, Defendant Mikhail Iyerusalimets' Motion to Exclude Witnesses and Evidence Relating to Safety Issues and Alleged Harm to Consumers, on April 6, 2021. Dkt. 799. Defendants incorporate the arguments in that motion by this reference. This motion builds on those arguments by requesting that the Court either grant that motion and exclude all evidence of alleged safety issues or harm to consumers or order the Government to clarify its theory about how safety issues and harm to consumers (*viz.* product quality) is relevant to whether a device is counterfeit.

## I.      Legal Standard

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).   Federal Rule of Criminal Procedure 7(f) authorizes the Court to direct the Government to file a bill of particulars upon motion made by a defendant. It provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

---

[1]      This motion is filed on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalya Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

**Defendant Piotr Babichenko's Motion In Limine**
**For a Bill of Particulars re: Theory of Case  - 2**

Fed. R. Crim. P. 7(f).

A bill of particulars is a document from which the defendant can obtain some precision about the prosecution theory besides that information reflected on the face of the indictment or through transcripts and discovery. It is "intended to supplement the indictment by providing more detail of the facts upon which the charge [is] based." *United State v. Inryco, Inc.*, 642 F.2d 290, 292 (9th Cir. 1981). A bill of particulars seeks to eliminate uncertainties as to the theory of the government's case. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1987); *United State v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965); *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963) ("A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case").

More specifically, the purpose of a bill of particulars is to aid the defendant in preparing for trial, to eliminate surprise at trial, and to protect against a second prosecution based on the same facts. *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985), *citing Long*, 706 F.2d at 1054; *United State v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991).

The Sixth Amendment guarantees:

The right to offer testimony of witnesses, and to compel attendance their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury, so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a

fundamental element of due process of law.

*Washington v. Texas*, 388 U.S. 14, 19 (1967).  In order to effectuate these rights, the Defendants must adequately understand the Government's allegations.

Federal Rule of Criminal Procedure 7(f) gives a court broad discretion to direct the government to file a bill of particulars. *Will v. United States*, 389 U.S. 90, 99 (1967); *Long*, 706 F.2d at 1054, *citing Giese*, 597 F.2d at 1180.  In view of the Advisory Committee's Note to the amended Rule 7(f), courts should exercise their discretion by taking a liberal attitude towards the granting of bills of particulars.[2]

## II.   Argument

The Government has taken two seemingly conflicting positions throughout this case. First, the Government intends to call witnesses, including expert witnesses and consumers, to testify about alleged safety issues or harm caused by electronic devices sold by the Defendants. That testimony is relevant only if a phone that functions improperly is necessarily counterfeit. Second, the Government has also taken the position that a product's quality or functioning is irrelevant to whether a device is counterfeit and that a phone is counterfeit if, for example, the logo is the incorrect shape. The Government cannot have it both ways.

The Government's conflicting positions hamper Defendants' ability to

---

[2] As originally promulgated, Rule 7(f) of Federal Rules of Criminal Procedure required a showing of good cause before a bill would lie. That requirement was stricken by the amendment of 1966, which was expressly designed "to encourage a more liberal attitude by the courts towards bills of particulars." *See* Rule 7(f), Advisory Committee Note to the 1966 Amendment. This amendment requires that the defendant be given the benefit of the doubt in gray areas.

**Defendant Piotr Babichenko's Motion In Limine**
**For a Bill of Particulars re: Theory of Case  - 4**

adequately prepare for trial, including preparing to examine the Government's witnesses and determining which witnesses or evidence to present. Defendants anticipated that the Government would clarify its theory as trial approached. That has not occurred, and Defendants thus now ask the Court to order a bill of particulars.

A bill of particulars would allow the Defendants to prepare responses to vital questions left open by the Government's vague allegations. Such questions include: Is a bad logo necessary for a counterfeit phone? Is it sufficient? Is it irrelevant? Is bad functioning necessary to a counterfeit phone? Is it sufficient? Is it irrelevant?

Defendants are working toward a more streamlined and efficient trial by attempting to eliminate "mini-trials" or lengthy in-trial debates over evidentiary conflicts. The Court's order requiring the Government to produce a bill of particulars outlining the theory of the case, for the reasons set forth above, would go a long way toward achieving that goal.

## V.  Conclusion

Defendants respectfully ask this Court to either grant the motion in Dkt. 799, or order the Government to file a bill of particulars that clarifies its theory about why the devices are counterfeit.

RESPECTFULLY SUBMITTED this 8th day of April, 2021.

/s/ Paul E. Riggins
PAUL E. RIGGINS

/s/ Andrew S. Masser
ANDREW S. MASSER

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of April, 2021, I filed the foregoing document utilizing the Court's electronic CM/ECF system, which caused a Notice of Electronic Filing to be served on the following:

Melissa D. Winberg
Nicole Owens
Federal Defender Services of Idaho
702 West Idaho Street, Suite 1000
Boise, ID  83702
Melissa_winberg@fd.org
Nicole_Owens@fd.org

Katherine L. Horwitz
Christian S. Nafzger
Office of the United States Attorney
1290 W. Myrtle Street, Ste. 500
Boise, ID  83702
khorwitz@usa.doj.gov
cnafzger@usa.doj.gov

Timothy C. Flowers
US Department of Justice
1301 New York Avenue NW, Ste. 600
Washington, DC 20530
Timothy.Flowers2@usdoj.gov

John C. DeFranco
Ellsworth, Kallas & DeFranco, PLLC
1031 E. Park Blvd.
Boise, ID  83712
jcd@greyhawklaw.com

Jeffrey E. Brownson
Law Offices of Jeffrey Brownson
223 N. 6th Street, Ste. 215
Boise ID  83702
jb@jeffreybrownsonlaw.com

Rob S. Lewis
913 River Street, Ste. 430
Boise, ID  83702
office@roblewislaw.com

Greg S. Silvey
Silvey Law Office, Ltd.
PO Box 5501
Boise, ID  83705
greg@idahoappeals.com

J.D. Merris
671 E. Riverpark Lane, Ste. 210
Boise, ID  83706
jmerris@earthlink.net

Robyn A. Fyffe
Fyffe Law LLC
PO Box 5681
Boise, ID  83705
robyn@fyffelaw.com

Ellen N. Horras-Smith
5561 N. Glenwood St.
Boise, ID  83714
Ellen@smithhorras.com

Thomas Dominick
Dominick Law Offices
500 W. Bannock Street
Boise, ID 83702
tom@dominicklawoffices.com

/s/ Paul E. Riggins
PAUL E. RIGGINS

**Defendant Piotr Babichenko's Motion In Limine**
**For a Bill of Particulars re: Theory of Case  - 6**