Barry L. Flegenheimer
Washington State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
(206) 621-8777, (206) 621-1256 (fax)
barrylfp@gmail.com

John DeFranco
Idaho State Bar No. 4953
Ellsworth, Kallas & DeFranco
1031 E. Park Blvd., Boise, ID 83712
(208) 336-1843, (208) 345-8945 (fax)
jcd@greyhawklaw.com

Attorneys for Defendant
PAVEL "PAUL" BABICHENKO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>　　　　　Defendants. | CASE NO. CR-18-00258-BLW<br><br>DEFENDANTS' MOTION IN LIMINE REGARDING INDIVIDUAL AMAZON REVIEWS AND AMAZON SELLER POLICIES |

1 • DEFENDANTS' MOTION IN LIMINE REGARDING INDIVIDUAL AMAZON REVIEWS AND AMAZON SELLER POLICIES

Defendants[1] respectfully move this Court to exclude from trial individual Amazon reviews and Amazon seller policies because the reviews and policies may be inadmissible under Federal Rules of Evidence 401-403, 801-803, and 901.

## I.   Introduction

Defendants anticipate that the Government may offer reviews from Amazon.com to attempt to establish that (1) the marks were counterfeit, (2) that Defendants knew that the marks were counterfeit, or (3) that their use of the trademarks was likely to deceive consumers and cause confusion or mistake. The Government cannot meet its burden to establish that each review is admissible, including by identifying its purpose for offering the review, authenticating each review, producing evidence about who wrote the review and when. The defense also seeks to limit the Government's proposed evidence regarding Amazon Seller Policies.

## II.   Argument

### A. Amazon Reviews

#### 1. Relevance

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action[.]" Fed. R. Evid. 401. Here, the charges put at issue whether the products are counterfeit, the likelihood that the devices might confuse or mislead a customer, and the Defendants' knowledge that the devices were counterfeit. Count 1 alleges Conspiracy to Commit Wire Fraud by knowingly transmitting by wire "photographs and descriptions of electronic devices bearing counterfeit

---

[1]   This motion is filed on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalya Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

marks; communications with customers purchasing those devices; and payments for those devices." Dkt. 210 at 7. Counts 2-10 allege Wire Fraud through specific sales of counterfeit items. *Id*. at 7-8. Counts 11-19 allege Mail Fraud by defrauding customers through specific shipments of counterfeit items. *Id*. at 9-10. Count 20 alleges Conspiracy to Traffic in Counterfeit Goods by intentionally conspiring to knowingly use counterfeit trademarks "and the use thereof was likely to deceive and to cause confusion and mistake[.]" *Id*. at 11. Counts 21-32 allege that Defendants trafficked in counterfeit goods by "knowingly using a counterfeit mark[.]" *Id*. at 11-16. Counts 33-34 allege that Defendants trafficked in counterfeit devices by "knowingly using a counterfeit mark[.]" *Id*. at 16.

Defendants acknowledge that the Amazon reviews may be conditionally relevant to establish a Defendant's notice that there may be issues related to the products. The substance relating to allegations of counterfeit or defective, however the theory of relevance turns on whether the Government can establish that a Defendant was aware of a particular review. If the Government cannot establish that condition precedent, then it appears the review is irrelevant because there is no evidence that a Defendant was aware of the review. The Court will also likely conclude that the reviews are relevant to establish likelihood of customer deception or confusion, depending on whether the content of the review shows that the consumer was deceived or confused.

2. **Authentication**

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). As the Ninth Circuit has explained:

> In other words, the party offering the evidence must make a *prima facie* showing of authenticity 'so that a reasonable juror could find in favor of authenticity or

3 • DEFENDANTS' MOTION IN LIMINE REGARDING INDIVIDUAL AMAZON REVIEWS AND AMAZON SELLER POLICIES

>identification.' . . . The item may be authenticated by extrinsic evidence, . . . such as through testimony of a knowledgeable witness, Fed. R. Evid. 901(b)(1).

*United States v. Gadson*, 763 F3d 1189, 1203-04 (9th Cir. 2014) (internal quotation omitted).

Here, the Government must make a *prima facie* showing of authenticity by, for example, producing evidence of who made the review that it intends to offer. For example, in *Blue Bell Creameries, LP v Denali Co, LLC*, the court declined to admit blog entries where "nothing [was] known about the person who made the entries, about whether they [were] related in any way to either party or whether they [were] describing true events and impressions[.]" 2008 WL 2965655, at 5 and n. 4 (S.D. Tex. July 31, 2008). The Defendants do not believe that the Government can establish foundational facts necessary to authenticate the review. Who posted each review? Was the person an actual customer? How long was the review posted after the person received the product or allegedly realized the product was counterfeit or defective? Did any Defendant read the review or otherwise have knowledge of it? The Government must proffer *prima facie* evidence of those facts to authenticate each review under Rule 901.

3. **Rule 403 Balancing**

Federal Rule of Evidence 403 provides that "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, relevance and authentication issues with the Amazon reviews evidence demonstrates the minimal probative value, even assuming the Court concludes that the reviews are relevant, authentic issues may render the evidence inadmissible.

B. **This Court May Exclude Evidence of the Amazon Policies.**

The Government intends to admit evidence from the following webpages, which outline some policies applicable to Amazon sellers:

4 • DEFENDANTS' MOTION IN LIMINE REGARDING INDIVIDUAL AMAZON REVIEWS AND AMAZON SELLER POLICIES

- "Beginners Guide to Selling on Amazon," https://sell.amazon.com/beginners-guide.html?ld=SEUSSOAGOOG-sitelink-guide&tag=googhydr-20&hvadid=438282287450&hvpos=&hvexid=&hvnetw=g&hvrand=14970540828449161022&hvpone=&hvptwo=&hvqmt=b&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=9033512&hvtargid=kwd-511547508643&ref=pd_sl_2vge9q2e84_b.
- "How it Works," https://sell.amazon.com/sell.html?ld=SEUSSOAGOOG-sitelink-hiw&tag=googhydr-20&hvadid=438282287450&hvpos=&hvexid=&hvnetw=g&hvrand=14970540828449161022&hvpone=&hvptwo=&hvqmt=b&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=9033512&hvtargid=kwd-511547508643&ref=pd_sl_4v23qr1kle_b.
- "Grow Your Business with FBA on Amazon," https://sell.amazon.com/fulfillment-by-amazon.html.

The Government should at least identify a witness to show that the noted policies were in effect between 2008 and 2018. Without a historical understanding of policies in place when the alleged crimes took place, those policies have no tendency to make any fact of consequence in this case more or less probable. *See* Fed. R. Evid. 401. This Court may be asked to exclude evidence from proposed webpages because it is irrelevant. *See* Fed. R. Evid. 402.

### III.   Conclusion

Defendants respectfully ask this Court to reserve ruling on the admissibility of evidence regarding Amazon Reviews and Amazon Seller Policies for the reasons explained in this motion.

Dated This 8th day of April 2021.

/s/ John DeFranco
CJA counsel for Paul Babichenko

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 8th day of April, 2021, I filed the foregoing document utilizing the Court's electronic CM/ECF system, which caused a Notice of Electronic Filing to be served on the following:

| | |
|---|---|
| Melissa D. Winberg<br>Nicole Owens<br>Federal Defender Services of Idaho<br>702 West Idaho Street, Suite 1000<br>Boise, ID  83702<br>Melissa_winberg@fd.org<br>Nicole_Owens@fd.org<br><br>Katherine L. Horwitz<br>Christian S. Nafzger<br>Office of the United States Attorney<br>1290 W. Myrtle Street, Ste. 500<br>Boise, ID  83702<br>khorwitz@usa.doj.gov<br>cnafzger@usa.doj.gov<br><br>Timothy C. Flowers<br>US Department of Justice<br>1301 New York Avenue NW, Ste. 600<br>Washington, DC 20530<br>Timothy.Flowers2@usdoj.gov<br><br>John C. DeFranco<br>Ellsworth, Kallas & DeFranco, PLLC<br>1031 E. Park Blvd.<br>Boise, ID  83712<br>jcd@greyhawklaw.com<br><br>Jeffrey E. Brownson<br>Law Offices of Jeffrey Brownson<br>223 N. 6th Street, Ste. 215<br>Boise ID  83702<br>jb@jeffreybrownsonlaw.com | Rob S. Lewis<br>913 River Street, Ste. 430<br>Boise, ID  83702<br>office@roblewislaw.com<br><br>Greg S. Silvey<br>Silvey Law Office, Ltd.<br>PO Box 5501<br>Boise, ID  83705<br>greg@idahoappeals.com<br><br>J.D. Merris<br>671 E. Riverpark Lane, Ste. 210<br>Boise, ID  83706<br>jmerris@earthlink.net<br><br>Robyn A. Fyffe<br>Fyffe Law LLC<br>PO Box 5681<br>Boise, ID  83705<br>robyn@fyffelaw.com<br><br>Ellen N. Horras-Smith<br>5561 N. Glenwood St.<br>Boise, ID  83714<br>ellen@smithhorras.com<br><br>Thomas Dominick<br>Dominick Law Offices<br>500 W. Bannock Street<br>Boise, ID 83702<br>tom@dominicklawoffices.com |

                                                /s/ John C. DeFranco