Ellen Smith, ISB. 5992
**SMITH HORRAS, P.A.**
5561 N. Glenwood St. Suite B
Boise, ID  83714
Telephone:  (208) 697-5555
Facsimile:  (800) 881-6219
ellen@smithhorras.com

Attorneys for Defendant,
MIKHAIL IYERUSALIMETS

# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　Plaintiff,<br>　vs.<br><br>**MIKHAIL IYERUSALIMETS, et. al,**<br><br>　　　　Defendant. | Case No.: CR18-258-S-EJL<br><br>**SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S SUMMARY EXHIBITS REFERENCING DEFENDANT MIKHAIL IYERUSALIMETS** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, Defendant Mikhail Iyerusalimets hereby moves the Court, pursuant to the Federal Rules of Evidence 401, 403 and 1006 for an Order precluding the Government from utilizing its proposed "summary exhibits" relating to Mr, Iyerusalimets.  Mr. Iyerusalimets has joined in Defendants' Motion to Exclude Summary Exhibits and Response to Government's Motion for Admission of Voluminous Records Under Rule 1006 filed by Mr. Pavel Babichenko.  See Dkt. No. 843.  However, Mr. Iyerusalimets is filing this supplemental briefing to more specifically explain his objections to the Government's proposed summary exhibits directly related to him.  Despite counsel's best efforts, since receiving these summary exhibits on April 9, 2021 (8 days after the Court's established deadline), counsel has not had an opportunity

to fully review the underlying documents in appropriate detail. However, set forth below are some specific examples that demonstrate the Government's proposed summary exhibits fail to comply with Fed. R. Evid. 1006, even with a cursory review.

## I.    Summary of Facts

On or about April 8, 2021, the Government filed a motion requesting it be permitted to introduce/admit "summary charts" related to CBP seizures and "bank records" into evidence. See Dkt. No 816. The Government provided merely two (2) "examples" of the summary charts it intends to present as evidentiary exhibits. *Id.* The Government's Motion is misleading as it is actually seeking to admit approximately 230 "summary exhibits" into evidence at the trial in this matter.

Notably, out of the approximately 230 proposed summary exhibits, only 169 were actually submitted to the Defendants by the April 1, 2021 deadline ordered by the Court. The other additional 60 or so summary exhibits were provided as follows:  April 5, 2021 (approx. 3 "summary exhibits"); April 6, 2021 (an additional 18 "summary exhibits") and April 9, 2021 (an additional 47 "summary exhibits"), respectively.

Due to the Government's lack of organization of last-minute discovery, it was very difficult to decipher which in the thousands of pages of discovery were the proposed summary exhibits. The Government did take steps to better organize the documents by April 12, 2021 (nearly two weeks after the deadline). Nevertheless, the Government's late discovery disclosures and poor organization resulted in a significant of amount of confusion, wasted time, and energy.

Notably, the Government did not ask the Defendants for an extension of its summary exhibit deadline. Similarly, the Government failed to obtain an order from the Court extending said deadline. Accordingly, any and all tardy summary exhibits must be immediately excluded as untimely and prejudicial to the Defendants.

The Government could have easily prevented this problem. It could have given the summary exhibits to the Defendants earlier. The Government has had all of the documentation supporting these proposed summary exhibits since 2018. This case has been in actual litigation on for nearly three (3) years. Further, the Government has been investigating/prosecuting this case for over a decade. The Defendants have literally been begging for this type of information since the beginning of this case. There was plenty of time for the Government to get these exhibits together for the Defendants' review much earlier. However, the Government instead chose to wait until the very last minute to provide these proposed summary exhibits. This is trial by ambush which will result in a miscarriage of justice if it is permitted.

Now, as of April 9, 2021, the Government has indicated it will allegedly only be presenting four (4) summary exhibits relating specifically to Mr. Iyerusalimets. Notably, however, Mr. Iyerusalimets is named in many of the other summary exhibits focusing on other Defendants. The Government's representations in those documents also are flawed and have many of the problems that will be discussed below. Only a few examples of the flaws in the proposed summary exhibits will be discussed due to the severe time constraints but Mr. Iyerusalimets reserves his right to object in the future as appropriate.

Mr. Iyerusalimets is requesting the Government's summary exhibits that reference him be excluded because they are:  1) untimely; and 2) do not comply with Fed. R. Evid. 1006.

## II.     Legal Standards

Evidentiary rulings are reviewed for an abuse of discretion and should not be reversed absent some prejudice. *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 936 (9th Cir. 1995). FED. R. EVID. 1006:

Federal Rule of Civil Procedure 1006 states that a party may use a summary to prove content of voluminous writings which cannot be conveniently examined in court. Fed. R. Civ. P. 1006 provides (in relevant part):

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time or place.

In this instance, the summary, and not the underlying documents, is the evidence to be considered by the factfinder. See 1 Edward J. Devitt et al., Federal Jury Practice and Instructions § 14.02 (4th ed. 1992); 1 Leonard B. Sand et al., Modern Federal Jury Instructions (Criminal) ¶ 5.05, p. 5-34 (1997). Therefore, trial courts must take care that unfair summaries are not presented to juries. United States v. Scales, 594 F.2d 558, 564 (6th Cir.1979); see also *Peat, Inc. v. Vanguard Research, Inc.,* 378 F.3d 1154, 1159–60 (11th Cir.2004) ("And because summaries are elevated under Rule 1006 to the position of evidence, care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence of the assertion it makes.") (internal quotation and citation omitted).

The proponent of a summary exhibit "must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence, and (2) those underlying materials were made available to the opposing party for inspection." *Amarel v. Connell,* 102 F.3d 1494, 1516 (9th Cir. 1996). Additionally, although there does not appear to be a Ninth Circuit case directly on point, other circuits have noted that "a summary document must be accurate and nonprejudicial." *U.S. v. Bray,* 139 F.3d 1104, 1110 (6th Cir. 1998) (citing *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.,* 803 F.2d 250, 257 (6th Cir.1986). "This means first that the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a non-misleading manner." *Id.;* See also *Staley v. U.S.*

*Bank Nat'l Ass'n*, Case No. 1:10-cv-00591-BLW, 11 (D. Idaho Jan. 31, 2013).  In other words, an accurate summary must "summarize[] the information contained in the underlying documents accurately, correctly, and in a non-misleading manner" with nothing "lost in the translation." *Bray*, 139 F.3d at 1110.

Summaries admitted pursuant to Fed. R. Evid. 1006 must not be pedagogical devices that unfairly emphasize part of the proponent's proof; nor should they create the impression that disputed facts have been conclusively established.  *See* J. Weinstein and M. Berger, *Weinstein's Evidence* § 1006 [07] (1983). Similarly, summaries admitted "in lieu of the underlying documents" must not be "embellished by or annotated with the conclusions of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise." *Bray*, 139 F.3d at 1110.  The goal is to prevent "a summary containing elements of argumentation" from functioning as "a mini-summation by the chart's proponent every time the jurors look at it during their deliberations." *Id*.

Notably, summary charts admitted into evidence under Rule 1006 differ from pedagogical devices used during trial under Rule 611(a) to aid counsel's argument to the jury. *Gov't's Mot*. at 3 n.2; *see United States v. Milkiewicz*, 470 F.3d 390, 395-400 (1st Cir. 2006). The key difference between the types of summary charts "appears to be the purpose for which the summaries are offered." *Milkiewicz*, 740 F.3d at 398. Rule 1006 charts "are explicitly intended to reflect the contents of the documents they summarize." *Id*. Rule 611(a) summaries, on the other hand, "tend to be 'more akin to argument than evidence.'" *Milkiewicz*, 740 F.3d at 398 (citing 6 MARK S. BRODIN ET AL., WEINSTEIN'S FEDERAL EVIDENCE § 1006.08[4] (2d ed. 2019)) (noting also that pedagogical aids allowed under Rule 611(a) to illustrate or clarify a party's position may reflect "the inferences and conclusions drawn from the underlying evidence by the summary's proponent" "through captions or other organizational devices or descriptions"). The accuracy

requirements for Rule 1006 described in *Bray* address this distinction between reflection and argumentation. *See* 139 F.3d at 1110.

**FED. R. EVID. 403:**

Moreover, before submitting summaries or charts for a jury's inspection, the court must find there is sufficient factual basis for admitting them and that possible prejudice or confusion does not outweigh their usefulness in clarifying the evidence. Fed. R. Evid. 403; see also J. Weinstein and M. Berger, *Weinstein's Evidence* § 1006 (1983). Charts and summaries are, for instance, inadmissible if they contain information not present in the original or duplicate materials on which they are based. *See, e.g., Pritchard v. Liggett and Myers Tobacco Co.,* 295 F.2d 292, 301 (3d Cir. 1961); *Standard Oil of California v. Moore,* 251 F.2d 188, 233 (9th Cir. 1957), *cert. denied,* 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1148 (1958).

### III. Argument

Honestly, there are so many problems with the Government's purported summary exhibits, it is difficult to know where to start. Each "summary exhibit" includes many mistakes and misleading testimonial/argumentative examples. It has been difficult just getting through the numerous "summary exhibits"--let alone trying to confirm the underlying information that is allegedly correctly "summarized." There is simply not enough time to confirm the underlying information allegedly supporting these hundreds of documents is accurate at all.

### A. Government Summary Exhibits Listed as GOV00408671- GOV00408674 Must Be Excluded As They Were Disclosed After the Ordered Deadline.

On or about March 8, 2021, the parties stipulated that the Government would disclose its final summary exhibits to the Defendants by April 1, 2021. Based upon that agreement, the Court subsequently ordered the Government to do so on that same date. See Dkt. No. 778. Nevertheless, without any communication, request for extension or other excuse, the Government provided

summary exhibits relating to "Anna and Mikhail Iyerusalimets (notated as GOV00408671-674) on April 9, 2021.

April 1, 2021 was already a very late date for the Defendants to be able to review the underlying documents that allegedly support this summary exhibit (as well as the thousands of pages for the other proposed "summary exhibits"). The Government knew that Defendants' deadline to file Motions in Limine relating to the Government's proposed summary exhibits was April 22, 2021. Nevertheless, the Government still failed to comply with the April 1, 2021 deadline and did not provide the subject "summary exhibits" until April 9, 2021. The Government's tardiness is prejudicial to the Defendants' abilities to review the underlying documents in a timely manner. As such, Defendants have suffered prejudice by the Government's delays and the proposed summary exhibit must be excluded. However, even if these proposed summary exhibits were timely, it would still have to be excluded because they are inconsistent with Fed. R. Evid. 1006.

      **B.   The Government's Proposed Summary Exhibits Listed as GOV00408671-GOV00408673 Must Be Excluded in Violation of Fed. R. Evid. 1006 As They Are Argumentative and Inaccurate.**

Again, as stated above, without a more thorough examination of the underlying documents, the following examples are only representative of the problems with the Government's "summary exhibits." This analysis is by no means comprehensive and if these exhibits are not summarily excluded pursuant to Fed. R. Evid. 1006, Mr. Iyerusalimets reserves his right to provide further objections at the time of trial.

      **1.   GOV00408671-Titled "AMAZON MONEY FLOW-MIKHAIL & ANNA"**

This exhibit purports to show "Amazon Money Flow" with little arrows that eventually point to a center box labeled "Total Iyersualimets' Business Deposits" (client's name is misspelled--should be "Iyerusalimets" not "Iyersualimets"). This flow chart lists "Amazon Direct

Deposits" (a huge amount of funds with no timeline on the front) allegedly deposited into "Mikhail & ANNA Iyersualimets' Entities." (Client's name is again misspelled). There are many problems with this summary. First, "Mikhail" and "Anna" were charged separately as individuals. They should not be lumped in together just because they are married. They will have to serve their own individual prison time if convicted (not together). Further, the Government has a duty to prove each and every element against each individual defendant beyond a reasonable doubt. This has been a repeated problem throughout this case. Mr. and Mrs. Iyerusalimets are not even charged identically yet the Government lumps them in together at every turn. It is improper.

Hardly any of the listed business entities are listed with their correct company names (missing "LLC", spelled incorrectly, abbreviated, etc.). Further, the Government cannot use summary exhibits to "testify" to its own conclusions. For instance, not all of the Secretary of State Certificates of Organization (hereinafter "COO Records") on the listed businesses establish Mikhail Iyerusalimets and/or Anna as sole owners of record for the summarized entities. Some list Mikhail Iyerusalimets as sole owner. Some list Anna Iyerusalimets as sole owner. Some list both Mikhail and Anna Iyerusalimets as owners. Some of the businesses credited on this summary exhibit to Mikhail and Anna Iyerusalimets have other owners that are not listed anywhere (i.e.: Pavel Lazukin, Vasiliy Iyerusalimets). The Government cannot call these businesses "Mikhail and Anna Iyerusalimets' entities" in one large summary.

For just one example, a business included in "Mikhail Iyerusalimets and Entities" is listed (and spelled incorrectly) as Star KS LLC. This entity, which is actually spelled STAR-KS LLC, is owned solely by Anna Babichenko not Mikhail Iyerusalimets at all. See Exhibit A. Another such example is the business listed as "Simplified Selling" (which is actually spelled Simplified Selling LLC). The COO Records indicate that not just Mikhail Iyerusalimets, but also Pavel Lazukin is a "manager, member, or an authorized person." See Exhibit B. Another business,

"Advantage Wireless," that the Government includes in several misleading summary exhibits does not even have any supporting Secretary of State formation documents at all.  Testimony and additional evidence would be needed to be put on by the Government to establish ownership of this business.

Rule 1006 charts are supposed to reflect the contents of the documents they summarize.  By contrast, this proposed summary exhibit is argumentative, highly misleading and suggests impermissible conclusions.  Most importantly, however, it is flat out wrong. The information on the Government's summary exhibit does not summarize the information contained in the underlying documents in an accurate, correct or non-misleading manner as required by Fed. R. Evid. 1006.  See also *Staley v. U.S. Bank Nat'l Ass'n*, Case No. 1:10-cv-00591-BLW, 11 (D. Idaho Jan. 31, 2013).  At best, this summary exhibit is a demonstrative, pedagogical aid (although still objectionable based upon its inaccurate statements).

The Government is not simply combining the information contained in voluminous documents.  Instead, the Government is producing argumentative, misleading and confusing "summary exhibits."

### 2. GOV0040872—Titled "Mikhail & Anna's Business Depositors"

The Government has listed 4 tabs on this proposed summary exhibit spreadsheet.  Again, it has many of the same problems as GOV0040871.  Further, as set forth in detail above, the title of this purported summary exhibit is misleading.  Again, the COO records state that some of the "businesses" listed are owned by Mikhail Iyerusalimets, some by Anna Iyerusalimets, some by both Anna and Mikhail Iyerusalimets and some are owned with other people not even mentioned.  The Government is making improper assumptions and drawing inferences that do not simply summarize the documents as required by Fed. R. Evid. 1006.  Instead, the Government is essentially testifying that the alleged underlying businesses are run, owned and operated solely by

Mr. and Mrs. Iyerusalimets (or Mr. Iyerusalimets alone in some cases).  That is not only an improper conclusion but also inaccurate and not supported by the documents.  This is again argumentative, misleading, confusing and is a problem in all of 4 tabs of this proposed summary exhibit.

In addition, the title of this first tab is: "Major Depositors into Mikhail Iyerusalimets Businesses."  It is unclear what qualifies as a "major" contributor in the Government's eyes.  In addition, again on the first tab, there is an entire column that is titled:  "Registered Person."  It is unclear what this is supposed to mean.  One can guess the Government meant "Registered Agent" but it is not evident by the document.

Also, and again similar to the previously discussed proposed summary exhibit, there are multiple misspellings ("enity" instead of "entity", "Washtington", "Iyersualimets" or "Iyersulamets" instead of 'Iyerusalimets", etc.).  Similarly, the Government uses nicknames or abbreviations for some of the businesses and not the proper entity names.  This is confusing as it is not consistent and is also an inaccurate summary of the documents.

       3.     GOV0040873

Although this purported "summary exhibit" does attempt to separate the mentioned business entities into two (2) tabs—"Mikhail's Businesses" and "Anna's Businesses," it still fails to mention other owners as listed on the COO Records.  Instead, it again suggests that all the "entities" listed on the "Mikhail's Business" tab are owned by him alone.

On "Mikhail's Business" tab, it lists "Mountain Wireless Dist" (should be Mountain Wireless Distributing, LLC) as solely owned by Mikhail Iyerusalimets—in direct contradiction to the Secretary of State documents that clearly lists both Mikhail Iyerusalimets and Anna Iyerusalimets as members. It even includes a construction company "Metropolitan Brothers"

(should be "Metropolitan Brothers LLC") which is listed by the Secretary of State documents as owned by Vasiliy Iyerusalimets and Mikhail Iyerusalimets.  See Exhibit C.

This is misleading and incorrect.  As Fed. R. Evid. 1006 requires a precise reflection of the documents it is attempting to summarize, this summary exhibit is improper and should be excluded.

### IV.    Conclusion

For the reasons set forth in detail above, Defendants respectfully request that this Court exclude the proposed summary exhibits provided by the Government currently labeled as GOV00408671- GOV00408674.

Dated: April 22, 2021.

Respectfully Submitted,
SMITH HORRAS, P.A.
Ellen N. Smith


By__/s_____
Ellen N. Smith
Attorney for Defendant
MIKHAIL IYERUSALIMETS

### CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Assistant United States Attorney Office of the
United States Attorney 1290 West Myrtle
Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov

Christian S. Nafzger

Assistant United States Attorney Office of the United States Attorney 1290 West Myrtle Street, Suite 500
Boise, ID 83702
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco

1031 E. Park Blvd.
Boise, ID 83712 jcd@greyhawklaw.com
*Attorney for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702 rigginslaw@gmail.com
*Attorney for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702 office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681 Boise, ID 83705 robyn@fyffelaw.com
*Attorney for David Bibikov*

Charles Peterson
Melissa Winberg
Federal Defender Services of Idaho

702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
*Attorneys for Anna Iyerusalimets*

Jeffrey Brownson
223 North 6th Street, Suite 215
Boise, Idaho 83702
jb@jeffreybrownsonlaw.com
*Attorney for Gennady Babitchenko*

Thomas B. Dominick 500 W. Bannock Street Boise, Idaho 83702
tom@dominicklawoffices.com
*Attorney for Artur Pupko*

/s/ Ellen Smith