Robyn Fyffe ISB# 7063
FYFFE LAW LLC
800 W Main St, Ste 1460
Boise, Idaho 83702
Telephone: (208) 338-5231
Facsimile:  (208) 917-4596
robyn@fyffelaw.com

Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DAVID BIBIKOV,<br><br>　　　　　Defendant. | Case No. 1:18-cr-258-BLW-7<br><br>**MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16** |

　　　　The Defendant David Bibikov hereby moves to suppress all evidence, which the government obtained in its search of an Apple iMac (herein "Device 2-15) and an Alienware laptop (herein "Device 2-16") that were found in David Bibikov's office within the "small warehouse." As explained more fully below, the Court should grant this motion because the government failed to obtain a new search warrant when it re-imaged the devices almost a year after they were seized. Further, the government failed to disclose the re-imaging and failed to disclose problems with misidentification of the devices when it responded to the prior motion to suppress. And it failed to disclose the re-imaging and problems with misidentification of the devices when it asked the defense to stipulate to evidence allegedly obtained from those devices.

1  - MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16

While the government has not been forthcoming with the problems underlying the imaging of 2-15 and 2-16, there is ample reason to suspect the reliability of the government's forensic examination. Accordingly, the search was unreasonable under the Fourth Amendment to the United States Constitution and the Court should suppress all evidence seized pursuant to searches of Devices 2-15 and 2-16.

**History**

Devices 2-15 and 2-16 were among the approximately 184 computers and electronic storage devices, which the government seized pursuant to a search warrant issued on August 22, 2018. The devices were seized from "Office 2" in the small warehouse, which Mr. Bibikov occupied, and HSI Certified Forensic Examiner Brad Roedel assumed custody of the devices and imaged them. Counsel's Declaration. On October 11, 2018, the search warrant return attached an FBI "Receipt for Property" indicating that FBI Agent Sarah Draper seized: "1. Evidence Item 15: Apple iMac Model A1419, S/N: DCPP8FQMGDQ4" and "2. Evidence Item 16: Alienware laptop, laptop service tag S/N:GB0PR72, which were released to Bradley Roedel of HSI Boise that same day.

Months after filing the search warrant return, the government discovered the imaging had failed and that 2-15 had been mislabeled. In July 2019, the HSI Certified Forensic Examiner Brad re-imaged 2-15 and 2-16 without obtaining a new search warrant.

While the government disclosed investigative reports outlining incriminating information that agents obtained while examining the re-imaged devices in August 2019, it did not disclose the re-imaging worksheets from July 2019 until May 24, 2021. Counsel's Declaration. And it has

2  - MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16

still not produced any investigative reports regarding the failed imaging attempt or the re-imaging.

On June 1, 2020, the defendant moved to suppress the electronically stored information extracted from the devices seized from the residences and warehouses, arguing that the search warrant was overly broad and, by delaying and over-reaching, the government executed the search warrants in an unreasonable manner. ECF No 554. In response, the government claimed it provided "all devices capable of being imaged" in February 2019 while failing to mention that the imaging of 2-15 and 2-16 had failed or had been re-imaged in July 2019. ECF 571-72. On July 16, 2020, the Court denied the motion to suppress, finding that "the warrants' lack of procedural safeguards alone is insufficient to show their execution was improper." ECF 595, p. 10.

On April 22, 2021, the government sought stipulations to foundation for forensic devices and images, yet still did not disclose the imaging problems when confusion over 2-15 and 2-16 was raised. Counsel's Declaration.

Then, finally, nestled within the steady barrage of discovery between May 16, 2021 and the beginning of trial on June 24, 2021, the government disclosed 2 imaging worksheets on May 24, 2021 that reflected 2-15 and 2-16 had been imaged on July 19, 2019. And the 8,000 pages of "Jencks" material revealed, for the first time, that the government was aware of the imaging and re-imaging all along and elected to withhold the information. There does not appear to be a renewed search warrant for the re-imaging of Devices 2-15 and 2-16.

3  - MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16

**ARGUMENT**

The Fourth Amendment instructs that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons or things to be seized." U.S. Const. Amend. IV. The Fourth Amendment requires that search warrants describe the place to be searched and items to be seized with sufficient particularity to eliminate the general, exploratory rummaging of a person's belongings, which motivated the framing and adoption of the Fourth Amendment. *Payton v. New York*, 445 U.S. 573, 583 (1980).

Hard drives and e-mail accounts are, in some ways, akin to a residence in terms of the scope and quantity of private information they contain and, thus, a general search of electronic data is an especially potent threat to privacy. *United States v. Ulbricht*, 858 F.3d 71, 99 (2d Cir. 2017); *United States v. Galpin*, 720 F.3d 436, 447 (2d Cir. 2013). "Over-seizing" is an accepted reality in electronic searching because it is necessary to somehow examine a computer's contents to discern the relevance of electronic files. *United States v. Flores*, 802 F.3d 1028, 1044–45 (9th Cir. 2015); *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1176-77 (9th Cir.2010) (en banc) (per curiam) ("CDT "), *overruled on other grounds as recognized by Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018).

Thus, there is a serious risk that every warrant for electronic information will become a veritable general warrant, which demands heightened sensitivity to the particularity requirement in the context of digital searches to avoid rendering the Fourth Amendment irrelevant. *Galpin*, 720 F.3d at 447; *CDT,* 621 F.3d at 1176. Further, the "accepted reality" that required the government to over-seize ESI has evolved as advancing technology improves the ability to

obtain targeted information from computers. *See Matter of Search of Info. Associated With Four Redacted Gmail Accounts*, 371 F. Supp. 3d 843, 845 (D. Or. 2018).

A search warrant that authorizes law enforcement to seize electronically stored information ("ESI") for later review can avoid violating the Fourth Amendment's particularity requirement by incorporating safeguards to segregate information that is not subject to seizure under the warrant. *United States v. Schesso*, 730 F.3d 1040, 1048-50 (9th Cir. 2013); *CDT*, 621 F.3d at 1177. When the government fails to incorporate search protocols in a warrant to search for electronic evidence, the proper balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures of electronic data must be determined on a case-by-case basis. *Schesso*, 730 F.3d at 1050.

**A. No search warrant authorized the re-imaging of 2-15 and 2-16**

A search warrant may authorize the seizure of electronic storage media or electronically stored information for later review of the media or information consistent with the warrant. Fed. R. Crim. P. 41(e)(2)(B). Here, Brad Roedel seized and imaged 2-15 and 2-16. The search warrant authorizing his actions was closed when the search warrant return was filed in October 2018. When the government realized a new search would be necessary, it should have obtained a new search warrant. And the government's efforts to prevent the defense from discovering the re-imaging (Counsel's Declaration) suggest the government knew that it needed a warrant. All evidence obtained from the re-imaging must be suppressed.

**B.     The government executed the search warrants in an unreasonable manner**

Even if the initial search warrant authorized the re-imaging in July 2019, the government executed the search in an unreasonable manner by first being sloppy and then preventing the

5  - MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16

defense from uncovering any ensuing unreliability by covering up that sloppiness. The government's omissions are striking considering they were not corrected when the validity of the devices' search was challenged via motion to suppress, filed in June 2020, or in advance of its request that the defense stipulate to the forensic images admission in April 2021.

And the re-imaging does not explain the reason the data produced to the defense for 2-16 in April 2020 included data from 2 persons' devices, Mr. Bibikov and Gennady who had no connection other than church. Or why the defense is now being provided yet another version of the gigabytes of data supposedly extracted from 2-15 data, which was apparently necessary due to the government misidentifying the drive.

The search warrants authorizing the computers' seizure captured a wide universe of information and personal electronic communications spanning a decade and without any restrictions. The government failed to execute the search warrant of 2-15 and 2-16 reasonably and in conformance with the Fourth Amendment. Accordingly, the Court should grant the motion and suppress all evidence seized pursuant to the search of Devices 2-15 and 2-16.

Dated this 28th day of March, 2022.

/s/  Robyn Fyffe
ROBYN FYFFE

**CERTIFICATE OF SERVICE**

6  - MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16

I HEREBY CERTIFY that on March 28, 2022, I filed the foregoing document through the CM/ECF system, which caused the following parties to be served by electronic means:

Katherine L. Horwitz
Christian S. Nafzger
Joshua D. Hurwit
Justin D. Whatcott
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
kate.Horwitz@usdoj.gov
christian.Nafzger@usdoj.gov
joshua.hurwit@usdoj.gov
justin.whatcott@usdoj.gov

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com

Barry L. Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
barrylfp@gmail.com
*Attorneys for Pavel Babichenko*


Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com

Mike French
BARTLETT & FRENCH PLLP
1002 W. Franklin St.
Boise, Idaho 83702
mike@bartlettfrench.com
*Attorneys for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702

7  - MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16

office@roblewislaw.com

Bradley Calbo
124 Main Avenue N., Suite 200
P.O. Box 83303-1233
balbo@magicvalleylegal.com
Attorneys for Timofey Babichenko

Jeffrey Brownson
223 North 6th Street, Suite 215
Boise, Idaho 83702
jb@jeffreybrownsonlaw.com
*Attorney for Gennady Babitchenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com

Jay J Kiiha
5700 East Franklin Road, Ste. 200
Nampa, Idaho 83687
jkiiha@whitepeterson.com
*Attorneys for Kristina Babichenko*

Nicole Owens
Melissa Winberg
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
Nicole_Owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com

Craig Durham
223 N. 6th Street, Suite 325
Boise, ID 83702

8  - MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16

chd@fergusondurham.com
*Attorneys for Mikhail Iyerusalimets*




           /s/  Robyn Fyffe
           ROBYN FYFFE

9  - MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16